**Donald Roderick MacLEAN, Plaintiff and Respondent,**

v.

**Ida MacLEAN, Defendant and Appellant.**

**No. 13537.**

Supreme Court of Utah.

June 25, 1974.

John Preston Creer of Piercey, Bradford & Marsden, Salt Lake City, for defendant and appellant.

Robert A. Echard, Ogden, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff initiated these proceedings for the purpose of seeking a divorce. Trial was had and on October 2, 1973, the court granted a divorce to the plaintiff and the defendant. The defendant and appellant here does not attack that portion of the decree which grants a divorce but she seeks a review and a modification of that portion of the decree awarding alimony.

The plaintiff and defendant were married on October 14, 1944. Two children were born as issue of the marriage and one, Jocelyn Beth MacLean, was 11 years old at the time the complaint was filed. Custody of the child was awarded to the defendant subject to the right of the plaintiff to visit the child and to have the child visit with him. The court awarded to the defendant the sum of $120 per month for the support of the minor child. The court ordered that the home of the parties be sold and from the proceeds of the sale a mortgage against the home be retired and the balance was awarded to the defendant. The defendant was ordered to pay various obligations and bills incurred by the parties as well as her attorney's fees. The balance left after payment of the bills and obligations amounted to approximately $16,000 which was subject to the real estate commission and the costs of selling the home. The court also awarded the defendant the sum of $350 per month as alimony which sum the court ordered reduced by a percentage annually.

The plaintiff is employed by Zion's Co-operative Mercantile Institution where he earns the base salary of $18,000 per year plus an annual bonus which increases his earnings to approximately $23,000 per year. From his earnings the plaintiff was required to pay a portion of the family indebtedness in the approximate sum of $10,000.

The record indicates that the defendant has been under the care of a physician for some years and his report which was admitted by stipulation indicates that the defendant has suffered from hypertension

since 1946 and that she has had high blood pressure of a severe nature since 1965. She has also suffered from other physical ailments including an acute coronary artery insufficiency in 1972 and in 1967 it was discovered that she suffered from diabetes which is being controlled by diet and medication. Her physician estimated that the life expectancy of the defendant was about five years.

The record shows that despite the medical evidence the trial court determined from his observation that the defendant was capable of gainful employment and that as an inducement the court adopted an annual diminution of alimony payments to the defendant. It is noted that the provision of the decree relating to alimony as entered by the court does not conform with the decision announced from the bench. The alimony provision of the decree is as follows:

4. That the plaintiff be, and he is hereby ordered to pay the defendant alimony in the sum of $350 per month, with the alimony to be reduced at the rate of five percent of the $350 each year, or a reduction of $17.50 each year. That as additional alimony, the plaintiff is hereby ordered to pay the defendant a portion of his gross bonus when and if he receives the same for the next five years as follows:

| | |
|---|---|
| 1st year | 25 percent |
| 2nd year | 20 percent |
| 3rd year | 15 percent |
| 4th year | 10 percent |
| 5th year | 5 percent |
| 6th year | 0 percent |

Both the $350 and the percentage of the bonus are to be considered as alimony and shall be taxable to the defendant under both state and federal taxation.

In view of the uncertainty of the language of the decree as above noted and with the uncertainty of the defendant being capable of securing suitable employment due to the condition of her health and also from the fact that the defendant has not been employed for a period of 20 years, we are of the opinion that the decree of the court below should be modified so as to eliminate those provisions which diminish the award of alimony to the defendant. We deem it best that the changes in alimony either downward or upward should be left to future determinations by the court under its continuing jurisdiction.

Except for the modifications above mentioned, the decree of the court below is affirmed. Appellant is entitled to cost.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.