Evan Garth WESTENSKOW, Plaintiff, Appellant, and Cross-Respondent,

v.

Glora WESTENSKOW, Defendant, Respondent, and Cross-Appellant.

No. 14436.

Supreme Court of Utah.

April 8, 1977.

Macoy A. McMurray, of McKay, Burton, McMurray & Thurman, Salt Lake City, for defendant, respondent and cross-appellant.

Richard H. Thornley, of Froerer, Horowitz, Parker, Thornley & Critchlow, Ogden, for plaintiff, appellant and cross-respondent.

MAUGHAN, Justice:

Plaintiff-husband appeals from a decree of divorce awarding defendant-wife a divorce, alimony, child support, and certain assets of the marital estate. Plaintiff contends the court abused its discretion by

providing automatic increases in the payment of alimony and child support.

Under the facts of this case, neither the contingent increases, nor the distribution of assets and liabilities, show an abuse of discretion. Indeed, they seem to be well tailored to a situation which is not ordinary. We affirm. Costs to defendant.

Plaintiff, a college graduate, had been employed by a large corporation as a marketing representative, earning an annual salary of $18,000. In August, 1975, he terminated his employment, and organized his own company. The hearing was held November 3, 1975, and plaintiff's record of his compensation from his company was for the month of October only; the sum was $600. Plaintiff testified he expected his income to improve, and he requested the support payments, for his two minor children, be set at $75 each per month, for a period of three months and then be increased to $100.

Although he vigorously opposed an award of alimony, he conceded his wife should receive some support during a transitional period. At the time of the hearing, the children were of the ages of one and three, and defendant expressed her reluctance to take full time employment, until the children were older. Plaintiff testified he would be willing to pay defendant $100 per month for a period of two years; but requested the sum be limited to $75 per month for an initial three month period.

The court awarded defendant alimony in the sum of $75 for a period of six months, with an increase to $100 per month for a period of six months. Then a final sum of $150 per month for a period of four years. The alimony would then terminate. Defendant was awarded child support for each child in the sum of $75 for a period of three months; thereafter it was increased to $125 per month. In addition, when plaintiff's income reaches $15,000 per year, the child support will increase to $150 per month, and if his income should reach $18,000, child support will increase to $180 per month.

Plaintiff contends the decree, in effect, nullified the intent of Section 30–3–5, U.C.A.1953. That section provides the court with continuing jurisdiction, to make subsequent changes or new orders; with respect to support and maintenance of the parties and the children. Plaintiff claims in light of the prevailing financial circumstances, the court found $75 was a fair sum for alimony. Any modification should be predicated on a subsequent hearing, wherein defendant would be required to prove a change of circumstances, which in fairness and equity would require a change in the terms of the decree.

Plaintiff cites *MacLean v. MacLean*[1] wherein this court stated:

. . . We deem it best that the changes in alimony either downward or upward should be left to future determinations by the court under its continuing jurisdiction.

In *MacLean*, the wife was in ill health and had not been employed for twenty years. The trial court, to induce the wife to seek employment, provided an annual diminution in alimony payments. This court modified the provision which would diminish the alimony on the ground there was great uncertainty the wife was capable of securing employment.

The *MacLean* case is distinguishable from the instant action. Here plaintiff has an established ability to earn $18,000 annually. He presented a record of one month indicating a diminished income. It would be reasonable for the court to infer that either plaintiff's income from his business would increase or he would seek other employment with an adequate remuneration reflecting his historical earning ability. Under such circumstances, the automatic increments in alimony and child support were not inequitable. If plaintiff's income has been seriously and permanently diminished, he may avail himself of 30–3–5 to prove the necessity for a modification.

Plaintiff further contends the division of the marital assets was inequitable, and con-

1. Utah, 523 P.2d 862, 863 (1974).

stituted an abuse of discretion. Plaintiff was awarded a lien on the family home in the amount of $5,000. He contends it should be increased to $11,541.72.

Plaintiff initially demanded the home (in which the parties have a small equity), be sold and the proceeds divided evenly. He then represented to the court he would be willing to permit defendant and the children to continue to occupy the home for five years, if plaintiff were granted a lien for $5,000. The court incorporated this agreement into the decree. He further acceded to the distribution of the other assets awarded to defendant. His objection, in effect, is directed to the liabilities, each party is to discharge. Defendant assumed the first mortgage on the home in the approximate sum of $25,100; the home was valued at approximately $38,000. Defendant further was to discharge an indebtedness for gasoline for the family vehicles in a sum exceeding $400. Plaintiff was to discharge a second mortgage on the home in the sum of $3,000. It represented an amount he borrowed and lost in a speculative business venture; and an alleged debt to his grandmother of $4,350. In addition, plaintiff was to discharge three loans totalling approximately $1,000, which were incurred for family expenses.

Plaintiff had demanded the parties each assume an equal amount of the indebtedness. His claim, the marital assets were apportioned in a disproportionate and inequitable manner, is predicated on a deduction of the liabilities from the parties assets. His current demand for a lien in a larger sum on the home is to equalize the liabilities.

The court correctly stated the plaintiff totally ignored the interests and needs of his two children. Plaintiff's recommended

division was on the basis only the two parties were involved in the action. The court expressed the view the interests of the children took priority, and the granting of the furniture, washer, dryer, and housewares was primarily based on the needs of the children; and the value placed on these items was immaterial. The court further observed, after deducting plaintiff's lien of $5,000 on the home, defendant had a net interest of $3,300. The second mortgage was not for the benefit of the home but a bad investment, and plaintiff should suffer the loss. The court further stated one of the reasons plaintiff was granted the lien on the home was the alleged debt to his grandmother. It was questioned whether this debt would ever be paid, but the distribution was made on the basis it was a valid obligation.

A survey of the record does not indicate an abuse of the discretion accorded to the trial court, to adjust the financial and property interests of the parties in a divorce action. Plaintiff has not sustained his burden to prove the evidence clearly preponderated against the findings; or such a serious inequity had resulted as to manifest a clear abuse of discretion; or there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error.[2]

ELLETT, C. J., and CROCKETT, WILKINS, and HALL, JJ., concur.

---

2. *Baker v. Baker*, Utah, 551 P.2d 1263 (1976).