No. 12027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

BENNETT H. STEIN,

Plaintiff and Appellant,

-vs-

HILDEGARDE B. STEIN,

Defendant and Respondent.

_____

Appeal from: District Court of the Sixth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Patrick F. Hooks argued, Townsend, Montana 59644.

For Respondent:

Swanberg, Koby and Swanberg, Great Falls, Montana 59401.
Ray F. Koby argued, Great Falls, Montana 59401.

_____

Submitted: June 19, 1972

Decided: JUL 19 1972

Filed: JUL 19 1972

_____
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by the plaintiff from an order modifying alimony payments entered in the district court of Park County. The cause was heard in oral argument and an opinion handed down on September 24, 1971. Thereafter a petition for rehearing was filed, granted, and the case was reheard. The opinion of September 24, 1971, is hereby withdrawn and this opinion substituted.

The plaintiff, Bennett H. Stein, filed an application to modify the terms of a divorce decree. He alleged material changes in the circumstances of the parties, seeking elimination or substantial reduction in the monthly alimony payments which amount to $4,800 annually and permanent relief from the ordered assumption of the monthly mortgage payments on the former family residence in Livingston, Montana, amounting to $2,040 annually.

After a hearing held in the district court without a jury the court entered its order granting a readjustment of the alimony payments by $100 a month annually for two years and thereafter increasing the payments by $20 a month annually for 10 years and thereafter restoring the original amount, $400 per month; and denying by its silence the requested modification of the mortgage payment.

Plaintiff and defendant were married in November 1939 in Chicago, Illinois. Throughout the years of their marriage the plaintiff was engaged solely in the ranching and livestock business. The couple had five children, all of them having reached their majority at the time of the divorce except for the youngest son, Peter, who is now past 21 years of age.

After 27 years of marriage, a decree of absolute divorce was granted each party.

The gravamen of plaintiff's appeal is that changed financial circumstances so substantial and so undisputed, required a modification order consistent with such changed financial circumstances. His net worth has decreased from $142,000 at the time of the entry of the divorce decree to $58,000 at the time of the hearing. Also at that time some of his contracts were pledged to secure his indebtedness and receipts from another contract were required to make payments upon a place he had purchased but which had no income therefrom during the previous taxable years. Further, that his disposable income in 1969 was but $3,317.36. He and his present wife pay $50 a month for a home without telephone or television; require about $400 per month for their living expenses. His only other earned income has been his compensation as a State Senator and a relatively small amount from a trust set up by his mother.

At the time of the divorce in 1966 the defendant wife was not employed but she has been employed since 1967 and earns approximately $12,000 per year and receives an additional $1,200 for teaching at night school. She has tenure in her teaching position and she appears to have a present net worth of $21,721, which includes the equity of $15,000 in the home.

The plaintiff refers our attention to our holding in Daniels v. Daniels, 147 Mont. 57, 409 P.2d 824:

> " * * * Under our law the final judgment granting alimony 'may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.' R.C.M. 1947, § 21-137. 'Where a divorce is granted for an offense of the husband, the court may compel him * * * to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having due regard to the circumstances of the parties respectively,

and the court may, from time to time, modify its orders in these respects * * *.' Section 21-139. Thus, we see that under our law there is no guarantee of an annuity to a divorced wife. The trial judge in the ambit of his discretion must weigh the relative circumstances of the parties in light of the evidence presented in determining whether conditions demand a variation, alteration, or revocation of alimony and support payments. We will look critically at that determination only if it is shown to be unsupported by the evidence before the trial court of the changing situations of the parties. The delicate decision is one of balancing the needs of the wife for support and maintenance against the husband's honest ability to provide." (Emphasis added.)

It is quite evident from the facts heretofore related that plaintiff does not have his former ability to provide, though this is not the fault of the defendant since the original decree required her to deed all her right and interest in the property to the plaintiff. Plaintiff urged upon the court at the hearing that his present inability to pay was due to the capital investment required in acquiring and maintaining the ranch he is presently operating. While the soundness of the investment and successes of its operation at all times subsequent to the original decree has been within the exclusive province of the plaintiff, we must be mindful of the needs of the defendant and she clearly is in no imminent need of great assistance for her support.

Guided by our decision in Daniels we should consider the needs of the wife, there being no guarantee of an annuity for her, balanced against the husband's ability to provide, and weigh the relative circumstances of the parties. We feel therefore that her alimony payments should be reduced to an amount which would not be a burden to plaintiff and would permit the court, if future conditions change, to make an adjustment to provide for such changes.

As to the required payments on the house, here the record

discloses that at the time of the original decree the defendant was not employed and was awarded the custody of a minor child and the house in question was the actual residence of the defendant.

At the time of the hearing as heretofore stated the record discloses the defendant is employed, the child has reached his majority, and the house is no longer used as a residence by either the defendant or her son.

Thus the failure to grant the modifications requested by the plaintiff was, we find, an abuse of discretion. We find that the defendant having demonstrated no present need for the house in question the plaintiff should be relieved of the obligation of the monthly mortgage payment.

We therefore direct the district court to modify its order of modification by reducing the alimony payment to the sum of $150 per month and eliminate therefrom the obligation of plaintiff to make the monthly mortgage payment on the house.

It is so ordered.

------------------------------
Chief Justice

We concur:

------------------------------

------------------------------

------------------------------

------------------------------
Associate Justices