Janet M. ENGLISH, Plaintiff
and Respondent,

v.

W. Daniel ENGLISH, Defendant
and Appellant.

No. 14760.

Supreme Court of Utah.

June 2, 1977.

Paul H. Liapis, Harley W. Gustin, Salt Lake City, for plaintiff and respondent.

Roy G. Haslam, Salt Lake City, for defendant and appellant.

MAUGHAN, Justice:

Plaintiff based on her complaint and defendant on his counterclaim were each granted a decree of divorce. Defendant-husband appeals. We modify the decree by reducing the award of alimony to $1,000 per month, and by limiting the insurance coverage of the minor children to their twenty-first birthdays. As so modified the decree is affirmed.

The parties were married at the age of 21. At the time of hearing, they were 41. Defendant is a successful practicing dentist. Plaintiff, a college graduate, has part time employment as an educator. Both parties are in good health. The trial court divided equally the assets accumulated during the marriage. Plaintiff was granted custody of the two teenage daughters. Plaintiff was awarded $2,000 per month alimony and $250 per month support for each of the two girls.

The trial court, in a divorce action, has considerable latitude of discretion in adjusting financial and property interests. A party appealing therefrom has the burden to prove there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or the evidence clearly preponderated against the findings; or such a serious inequity has resulted as to manifest a clear abuse of discretion.[1]

Defendant contends the trial court committed certain errors in the process of dividing the assets of the parties equally. He asserts the court should have discounted the sum in the notes receivable as it did for the accounts receivable in determining the value of the assets awarded to defendant. The record does not indicate defendant brought this matter to the attention of the trial court prior to its determination: the claim now is untimely. Furthermore, the asserted disparity is slight and cannot be deemed a serious inequity. This principle is equally applicable to defendant's claim that the automobile awarded to plaintiff was of a greater value than the automobile, truck and boat awarded to defendant.

Plaintiff and defendant were declared tenants in common of certain commercial property: Plaintiff was awarded 36.18% interest and defendant was awarded 63.82%. Plaintiff was awarded the right to receive her portion of the rental income. The findings of the court recite the parties are jointly and severally liable on the mort-

1.  *Baker v. Baker*, Utah, 551 P.2d 1263 (1976).

gage on the premises. Defendant contends that by explicit provision the decree failed to compel plaintiff to contribute to the monthly mortgage payments. He assumes that such a burden will fall upon him, although there is no such reference in the decree. The record shows the rentals to be ample to discharge the mortgage. Because of the nature of the tenancy and liability of the parties, defendant's argument is without merit.[2]

Defendant contends the award of $2,000 alimony, in addition to $500 child support, per month to plaintiff was inequitable and constitutes an abuse of discretion. The finding of the court was based upon the parties twenty year marriage; the efforts of each in the monetary success of the marriage; various ventures; and defendant's earnings. Upon such basis the court concluded the sums awarded were fair and equitable.

The record shows that at the time the parties separated in October 1975, plaintiff sustained the family on $800 per month plus her earnings. Defendant contributed further amounts for special expenses, such as, the insurance premium on the house.

In April 1976, in response to certain interrogatories, plaintiff itemized her expenses, setting forth a sum of $1,265.42 per month. At trial, plaintiff presented an exhibit, indicating the monthly expenses for her and her two daughters as $1,498. She testified that she thought she should have $2,000 alimony and $500 child support.

The parties' joint income tax return for 1975 showed they had an adjusted gross income of $97,437. After their itemized deductions and personal exemptions, they had a taxable income of $88,981. Their federal tax was $37,370, and their state tax was $4,151. Plaintiff's earnings were $3,376. The parties collected $17,650 rent on their commercial building; after deduct-

ing $6,476 for depreciation and $6,033 for expenses, they had a net profit of $5,141. They also had a profit of $3,568 from a livestock management venture. Their interest income was $523. The professional services rendered by defendant accounted for the remaining income. The record further indicates the income of the parties in 1975, had more than doubled that of the previous year. The following shows the taxable income of the parties: 1975, $88,981; 1974, $41,702; 1973, $39,630; 1972, $30,683; 1971, $27,428. Defendant testified that he did not expect this income to remain at the unusually high level attained in 1975.

■ The standard utilized by the trial court, viz., the length of the marriage and the contributions of each to their joint financial success, is not an appropriate measure to determine alimony. There is a distinction between the division of assets accumulated during marriage, which should be distributed upon an equitable basis, and the post-marital duty of support and maintenance.

The purpose of alimony is to provide support for the wife and not to inflict punitive damages on the husband. Alimony is not intended as a penalty against the husband nor a reward to the wife. . . .[3]

■ In *Nace v. Nace*,[4] the court stated that the most important function of alimony is to provide support for the wife as *nearly as possible at the standard of living she enjoyed during marriage*, and to prevent the wife from becoming a public charge. The court observed that criteria considered in determining a reasonable award for support and maintenance include the financial conditions and needs of the wife, the ability of the wife to produce a

---

2. Defendant rents a portion of the building for his office, for a sum below fair market value. In the event there be any deficiency in the rental income to discharge expenses and mortgage payments, it would be equitable to make an adjustment with this in mind. No such adjustment is now needed.

3. 2 Nelson Divorce and Annulment (2d Ed. 1961 Rev. Vol.) § 14.06 pp. 11–12.

4. 107 Ariz. 411, 489 P.2d 48, 50 (1971).

sufficient income for herself; and the ability of the husband to provide support.[5]

In *Hendricks v. Hendricks*[6] this court stated:

. . . The amount of alimony is measured by the wife's needs and requirements, considering her station in life, and upon the husband's ability to pay.

In the matter under consideration, plaintiff testified she was paid $45 per day by the Pellon Corporation, for her work as a home economist. She worked, by choice, approximately 60 days per year. The record does not indicate the court considered either plaintiff's actual or potential earning ability, in determining her alimony. There is no indication the potential rental income from the commercial property was considered in determining the alimony.[7] In her testimony plaintiff could only substantiate a need for support in the amount of $1,500 per month for the entire family. She merely *thought* she should receive the greater amounts.

■ The court below in determining defendant's ability to pay considered only his 1975 tax return. It overlooked the fact the return included plaintiff's income, and rents; which in the future will be apportioned to plaintiff. It did not consider defendant's historical earning ability: His income for the previous year was fifty percent less. In the recent decisions of *Cummings v. Cummings*, 562 P.2d 229, 1977, and *Westenskow v. Westenskow*, 562 P.2d 1256, 1977, this court ruled the trial court may properly consider a husband's historical earning ability, when he has experienced a temporary decrease in income, when determining the amount he should contribute for the support and maintenance of his family. This principle should be equally applicable, when the husband experiences unusual prosperity during one year.

■ After a careful evaluation of the record, a fair and equitable amount would be $1,000 per month alimony, and $250 per month for each child, for support.[8]

Defendant further contends that the trial court exceeded its statutory authority by ordering defendant to maintain the children as beneficiaries on his life insurance until each child shall attain the age of twenty-five years. Section 15–2–1, U.C.A.1953, as amended 1975, provides, in divorce actions, a court may order support to age 21.

■ Since the record does not reveal that any of the children has an incapacity or disability, defendant's duty to support them terminates at the age of 21. A court may not, under a decree of divorce, attempt to transfer any property of either parent to the children, for the purpose of creating an estate for their permanent benefit. Furthermore, the court may not make provision out of the property of either of the parties for the maintenance of children who are of age, and who are not physically incapacitated.[9]

■ Defendant is entitled to have the decree modified to provide that the children shall remain beneficiaries until each shall attain the age of 21.

Defendant's other points are without merit.

The decree of the trial court is affirmed with the modifications in alimony to $1,000 per month and the aforementioned change in the insurance provision.

No costs awarded.

5. Also see: *Stein v. Stein*, 159 Mont. 496, 499 P.2d 794 (1972); *Thompson v. Thompson*, 82 Wash.2d 352, 510 P.2d 827 (1973); *Burnside v. Burnside*, 85 N.M. 517, 514 P.2d 36 (1973); *Carlton v. Carlton*, 217 Kan. 681, 538 P.2d 727 (1975).

6. 91 Utah 553, 559, 63 P.2d 277, 279 (1936).

7. At the time of the hearing, some of the rentals were being diverted into three short term trusts for the three children of the parties; the trusts terminate in December 1977.

8. The decree requires that defendant maintain their son who is a missionary for the parties church. Defendant is further obligated to provide medical and hospital insurance for the children; and to maintain his life insurance.

9. See *Farley v. Farley*, 19 Utah 2d 301, 307, 431 P.2d 133 (1967), footnote 2; 59 A.L.R.3d 9, Anno.: Divorce: Provision in decree that one party obtain or maintain life insurance for benefit of other party or child, § 7(a), pp. 29–33.

ELLETT, C. J., WILKINS and CROCKETT, JJ., and JOHN F. WAHLQUIST, District Judge, concur.

HALL, J., does not participate herein.