Karen Anderson **JOHANSSON**, Plaintiff
and Respondent,

v.

Leif **JOHANSSON**, Defendant
and Appellant.

No. 18581.

Supreme Court of Utah.

June 14, 1983.

Con Kostopulos, Salt Lake City, for defendant and appellant.

John C. Green, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This appeal stems from the denial of a post-divorce petition to modify by way of elimination of a $100 alimony award. The only contention on appeal is that this Court would serve equity in requiring such modification.

The divorce actually became final 20 months after the marriage. By stipulation, the interlocutory period was extended for 3 months to accommodate a winding up of existing marital problems. The appellant failed to pay the alimony or marital debts

as ordered by the court, and allowed his default to be entered with no objection. He appeared at the divorce hearing without counsel, and did not appeal the decree. After the decree was entered, the respondent garnished his wages for credit on delinquent alimony and petitioned for a contempt show-cause order for the same reason. At the hearing, he again appeared without counsel and was ordered to pay the accrued alimony.

At this juncture, the appellant retained counsel and filed a petition to modify the decree. His petition asserted that: (a) the parties had been married for only 6 months, which belies the chronology of events, *supra;* (b) he was not represented by counsel to date; (c) the respondent is fully employed; and (d) the modification should be forthcoming.

In the decree, the trial court found that "[t]he plaintiff [respondent] is without sufficient funds to properly maintain herself." This is a finding of "need," which this Court and others uniformly assign as a factor that, for modification, requires a showing of changed circumstances. None of the above reasons assigned by defendant is reflective of a change in circumstances.[1] The appellant has not sustained his burden of proving such change since the decree sufficient to justify a modification.

No issue has been urged to the effect that there was a prejudicial abuse of discretion. The only "issue" raised is that "[t]he District Court should modify the divorce decree on the basis of equity alone." The thrust of appellant's thesis is that where one is not represented by counsel in a divorce action, with its attendant emotionalism, he should be able to seek the aid of this Court to modify the decree, even though he filed no timely appeal from the decree. He cites no authority for his unusual request. Even so, the facts of this case could not be the subject for application of such suggested and unsupported departure from the accepted rule with respect to relief based on changed circumstances.

1. *English v. English,* Utah, 565 P.2d 409 (1977).

The lower court's denial of the appellant's petition is affirmed.