**Monte Ray HIGLEY, Plaintiff and Respondent,**

v.

**Geraldine Wright HIGLEY, Defendant and Appellant.**

**No. 18970.**

Supreme Court of Utah.

Dec. 19, 1983.

**380**

Darrell G. Renstrom, Ogden, for defendant and appellant.

C. Gerald Parker, Ogden, for plaintiff and respondent.

DURHAM, Justice:

The trial court in this action granted a divorce to each party, divided their property almost equally, awarded the appellant temporary alimony for three years in an amount equivalent to the house and utilities payments and awarded the appellant permanent alimony thereafter of $100 per month. The appellant claims that the trial court abused its discretion in the granting of a divorce to respondent and in the awarding of alimony. Her first argument is without merit, but we reverse and remand that portion of the decree dealing with alimony. This Court has set forth numerous criteria to be used in determining a reasonable alimony award. In light of our precedents and the absence of a specific finding regarding the appellant's present or future ability to work, the trial court's $100 per month permanent alimony award was, in our opinion, an abuse of discretion. Although we affirm the temporary alimony award, we reverse and remand the permanent alimony award for additional findings and possible modification.

In *MacDonald v. MacDonald*, 120 Utah 573, 236 P.2d 1066 (1951), this Court set forth fifteen factors that may be considered in adjusting the rights and obligations of the parties in a divorce proceeding. In light of these factors, the relevant facts in the present case are as follows: The parties began their 30-year marriage when the respondent was 19 and the appellant was 17. The respondent has an eleventh-grade education, and his income is approximately $1,200 (net) per month plus potential income from occasional welding jobs. The appellant has a high school degree and no income. Their property consists of $62,200 equity in a home valued at $69,500, welding equipment worth $4,000, several older model motor vehicles and household furnishings and effects. This property was acquired through their joint efforts. The respondent contributed his income and his labor, and the appellant contributed her labor. She helped build and run the respondent's private welding business, and her homemaking and childrearing efforts facilitated the respondent's pursuit of his career. The five children of the parties are all adults now and, although two still live with their mother, they are all self-supporting. At his current age of 49, the respondent is in good physical and mental health. Although the 47-year-old appellant is in good mental health, her physical health is very poor. In 1972, she had an operation for pyloric gastrectomy and hiatal hernia

necessitating the removal of three-fourths of her stomach. In 1973, she had a hysterectomy due to hemorrhaging and potassium shock. In 1975, she underwent an operation to remove blockage and to rebuild the outlet to her stomach. Eighteen days later another operation for intestinal blockage was performed. At the present time, she is in need of further surgery for blockage and to rebuild the outlet to her stomach. In the future, she may need a series of further operations for similar problems.

Both parties were satisfied with their marriage for many years, but the divorce came about when the respondent became unhappy with the marriage and became involved with another woman. Both parties made sacrifices during the marriage. The respondent worked two jobs to provide for his family, while the appellant managed the home and cared for their children, thereby foregoing employment training, experience and benefits. The record indicates both parties have approximately equal living expenses of about $800 per month, and these amounts would be sufficient to maintain each of them at approximately the standard of living they enjoyed during their marriage.

With respect to alimony and child support, this Court has stated that the

> ... criteria in determining a reasonable award for support and maintenance include the financial conditions and needs of the wife, the ability of the wife to produce a sufficient income for herself; and the ability of the husband to provide support.

*English v. English*, Utah, 565 P.2d 409, 411–412 (1977) (footnote omitted). In the present case, the appellant has no present or prospective permanent income other than the $100 per month permanent alimony award, whereas her living expenses exceed $800 per month. She is a 47-year-old woman in very poor health, who has spent most of the last 30 years of her life as a full-time homemaker and caretaker of five children. Her efforts as homemaker have enabled the respondent to build a career as an aircraft welder. It is highly unlikely

that the appellant will be able to produce sufficient income for herself. She has no employment training or experience other than a few sporadic, seasonal, unskilled jobs. Given her health problems, it is questionable whether she will be able to obtain and maintain full-time employment. Even if she does find work her earning potential is very low. The following statistics provide insight into the economic reality of the appellant's situation: In 1981, the median income for a woman in the United States with a high school education was $6,495 per year. *See* Bureau of the Census, U.S. Department of Commerce, Current Population Reports, Series P–60 No. 137, *Money Income of Households, Families, and Persons in the United States: 1981*, Table 37 (Washington, D.C., 1983). Another study reveals that, overall, women's earnings in the United States average $.59 for every $1 earned by men. *See* Bureau of Labor Statistics, U.S. Department of Labor, Report 673, *The Female—Male Earnings Gap: A Review of Employment and Earnings Issues*, Table 6 (Washington, D.C., September, 1982). Moreover, because the appellant has no previous work history her projected earnings may in fact be even lower than the above figures. This is in striking contrast to the respondent's annual gross income of $24,356.80, which he can supplement with additional income from his welding business. Certainly the respondent has the ability to provide permanent support for the appellant in an amount greater than $100 per month should her needs so warrant.

■ An alimony award should, in as far as possible, equalize the parties' respective standards of living and maintain them at a level as close as possible to the standard of living enjoyed during the marriage. Given the small amount of income that the appellant realistically will be able to earn, the $100 per month alimony award will not afford her a standard of living anywhere near that which she enjoyed during the marriage or near that of the respondent. In fact, the appellant could well be forced to resort to public assistance unless her actual earnings exceed the statistical prob-

abilities. The alimony award in the present case falls far short of serving the most important function of alimony under the *English* standard, *supra.*

 The applicable standard of review has been previously set forth by this Court as follows:

> It is well settled that this Court will not disturb the trial court's distribution of property and award of alimony in a divorce proceeding unless a clear and prejudicial abuse of discretion is shown.

*Dority v. Dority,* Utah, 645 P.2d 56, 59 (1982) (citations omitted). The trial court made no findings regarding the appellant's ability to work.[1] Given the considerations set forth above and the absence of a finding regarding the appellant's actual ability to work now or in three-years' time, we believe the trial court's award to the appellant of $100 per month permanent alimony is a clear and prejudicial abuse of discretion. When such a determination is made, this Court may either make a modification in the decree or remand for entry of a modified judgment by the trial court. Utah Const. Art. VIII, Sec. 9; *Read v. Read,* Utah, 594 P.2d 871 (1979); *Humphreys v. Humphreys,* Utah, 520 P.2d 193 (1974). In the present case, the record is inadequate for this Court to modify the decree because the trial court made no findings regarding the appellant's ability to work.

On the record before us, it appears that the appellant's health problems will greatly restrict her employability. On remand, the trial court must consider whether the appellant has the ability to earn enough to supplement the permanent alimony award to a level consistent with the guidelines set forth by this Court for determining a reasonable alimony award. If the trial court finds that the appellant does not have this ability, then it should modify its award of permanent alimony accordingly. If the tri-

al court believes that the appellant does have this ability, then it should make such a finding of fact. Absent a finding regarding the appellant's ability to work, the appellant would be precluded in the future from asking the court to modify her alimony award based on changed circumstances if she can show in the future that she is unable to work.

In light of the facts of this case, the factors that must be considered in determining an alimony award, the criteria for determining a reasonable alimony award and the absence of a finding regarding the appellant's ability to work, we affirm the trial court's temporary alimony award, but reverse the permanent alimony award and remand that portion of the judgment to the trial court for additional findings and possible modification.

STEWART, HOWE and OAKS, JJ., concur.

HALL, Chief Justice (dissenting):

An examination of the record beyond the formal findings of the trial court reveals the reasonableness of the court's decision to limit future alimony to $100 per month.

It lies well within the discretion of the trial court to enter such orders as will assist the parties in the adjustment to single life. In this instance, the court did just that by encouraging the appellant to become basically self-supporting over a period of three years.

The opinion of the Court criticizes the award of alimony as having been made without a finding as to appellant's future needs. However, such a finding was neither appropriate nor required. U.C.A., 1953, § 30-3-5 vests the court with continuing jurisdiction to make subsequent changes or new orders with respect to support and maintenance based upon a change

---

1. In addressing the appellant's ability to work, the trial court in comments from the bench observed that "most people with her health problems work." However, no finding appears in the record about *appellant's* ability to work. Such a finding is critical in view of the fact that appellant would have to show substantial

"change" in her circumstances if she seeks an increase in her award in the future. Without a specific finding on her ability to work based on her present health, any future court reviewing the question will be without a "baseline" determination with which to compare her future circumstances.

of circumstances. Consequently, there is no need for speculation about the future needs of the parties.

The facts of this case reasonably support the conclusion reached by the trial court that the state of appellant's health was not such as would preclude her from earning a livelihood. This Court's conclusion to the contrary constitutes nothing more than an unwarranted substitution of its judgment for that of the trial court. In any event, at the expiration of the three-year period, should circumstances then exist requiring a further need for support, under the provisions of U.C.A., 1953, § 30–3–5, *supra*, further relief could then be sought.

I would affirm the judgment in its entirety.