Linda M. OLSON, Plaintiff
and Appellant,

v.

Kenneth C. OLSON, Defendant
and Respondent.

No. 19280.

Supreme Court of Utah.

Aug. 2, 1985.

John G. Marshall, Kenton W. Willis, Salt Lake City, for plaintiff and appellant.

Mary Lou Godbe, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Linda M. Olson, plaintiff, appeals from the property distribution and alimony provisions of a decree of divorce. She contends the trial court erred in awarding an insufficient amount of alimony, in ordering that alimony terminate after two years, and in failing to treat defendant's earning capacity as an asset in dividing the marital property. We reject the contentions regarding the property division and the amount of alimony, but hold that the trial court abused its discretion in failing to award permanent alimony. Thus, we modify the decree to provide for permanent alimony, as further explained below, and affirm the decree as modified.

The parties were married in December 1960. The decree of divorce was entered in May 1983, after the parties had been separated about two years. They had six children, three of whom were minors, aged 16, 11, and 3, at the time of the divorce.

At the time of the marriage, the plaintiff was eighteen and worked as a typist, having recently graduated from high school. Six months after the marriage, she quit her job because of pregnancy. She was not again employed outside the home until after the parties separated, when she worked for minimum wage as a part-time, tempo-rary department store clerk during the Christmas season.

The defendant worked and supported the family during the marriage. He formed a consulting business and provided consulting services to governmental agencies on a contract basis. His income fluctuated depending on his current contracts. His gross income was $76,485 in 1980, $62,603 in 1981, and $57,000 for the first nine months of 1982. At the time of trial, the defendant had no consulting contracts in force and no current income. He was negotiating a contract, which he expected to obtain, that would bring $3,500 a month for the remainder of 1982.

During the marriage, the parties acquired a home, in which their equity at the time of trial was $137,000 according to the plaintiff's estimate and $206,000 according to the defendant's estimate. The defendant also acquired a retirement account during the marriage worth $15,359 at the time of trial.

The plaintiff filed a financial declaration showing monthly living expenses of $5,500 for the entire family before the separation. She estimated the future living expenses for herself and the three minor children to be $4,200 per month. The defendant filed a financial declaration showing his monthly expenses to be $2,837.

After trial, the trial court issued a memorandum decision providing, among other things, that the defendant pay the plaintiff $1,600 per month as alimony. In a post-trial proceeding, the court *sua sponte* raised the issue whether the alimony should be paid for only a limited time. The court rejected the suggestion of the defendant's counsel that alimony be paid for ten years. Suggesting instead a term of two years, the court stated:

> I think she's got to get out and take care of herself. She just cannot sit back and get $1,600 a month from this fellow and do nothing to help support herself. Society doesn't tolerate that from any of us. That's why we are all employed. And she has just the same obligations to take care of herself as we all have.

The decree of divorce granted to the plaintiff alimony of $1,600 per month for a period of two years. The decree granted custody of the three minor children to the plaintiff and ordered the defendant to pay $200 per month per child as child support. The decree awarded each party one-half the equity in the home, payable upon sale of the home, and ordered that the home be sold when the oldest child in the plaintiff's custody reached eighteen years of age or when the plaintiff cohabited or remarried, whichever occurred first. Each party was awarded an automobile and his or her personal effects. The plaintiff was awarded the contents of the home. The defendant was awarded his consulting business, his retirement account and a gymnasium membership.

In granting a divorce, the trial court may make "such orders in relation to the children, property and parties, and the maintenance and health care of the parties and children, as may be equitable." U.C.A., 1953, § 30-3-5 (1984 ed.). This Court will not disturb the trial court's distribution of property and award of alimony in a divorce proceeding absent a clear and prejudicial abuse of discretion.[1]

■ Addressing first the plaintiff's challenge to the amount of alimony awarded, we find no abuse of discretion. An alimony award should, as far as possible, equalize the parties' respective standards of living and maintain them at a level as close as possible to the standard of living enjoyed during the marriage.[2] In determining the amount of alimony to be awarded, it was necessary for the trial court to consider the financial condition and needs of the plaintiff, her ability to produce a sufficient income for herself, and the ability of the defendant to provide support.[3]

The plaintiff contends the trial court failed to consider these factors in setting the amount of alimony in this case. More specifically, she asserts the trial court failed to consider the defendant's ability to provide support as shown by his historical earnings rather than his current income.

■ We have held that where the husband has experienced a temporary decrease in income, his historical earnings must be taken into account in determining the amount of alimony to be paid.[4] Contrary to the plaintiff's contention here, however, the record reflects the trial court's consideration of the defendant's historical earnings in setting the amount of alimony. In comparison to the defendant's earnings at the time of trial, the amount of support awarded itself reflects a consideration of the defendant's past earnings: despite the defendant's total lack of current income, the court ordered him to pay $1,600 per month in alimony and $2,200 per month in total family maintenance. Moreover, the court's findings of fact include determinations of the defendant's past earnings, again showing a consideration of this factor.

The plaintiff next argues that the trial court did not consider the realistic limitations on her earning ability in establishing the amount of alimony. To the contrary, the findings of fact reflect that the court analyzed the plaintiff's current ability to support herself and found it very limited. The findings state that "plaintiff is in need of alimony to maintain and support herself as she is not working, has been able to secure only minimum wage jobs and testified that because of her emotional state and her parental duties for her children, she could not currently maintain any employment."

Clearly, then, the trial court considered both the second and third factors in the above three-part analysis in determining

1. *Higley v. Higley,* Utah, 676 P.2d 379, 382 (1983); *Dority v. Dority,* Utah, 645 P.2d 56, 59 (1982) (citations omitted); *English v. English,* Utah, 565 P.2d 409, 410 (1977).

2. *Higley, supra* note 1, at 381; *English, supra* note 1 at 411.

3. *See Jones v. Jones,* Utah, 700 P.2d 1072, 1075 (1985); *Higley, supra* note 1, at 381 (citation omitted); *English, supra* note 1 at 411–12 (footnote omitted).

4. *English, supra* note 1, at 412; *Westenskow v. Westenskow,* Utah, 562 P.2d 1256, 1257 (1977).

the amount of alimony in this case. The record contains only scant indication, however, of the court's consideration of the first of the three factors, the financial condition and needs of the wife. The findings of fact contain only the conclusory finding that "plaintiff is in need of alimony," and, in a discussion on the record, the court generally described the parties' joint financial condition as an "economic disaster."

Turning to the record in the absence of sufficient findings, we find conflicting evidence on some factual issues material to a determination of the wife's financial condition and needs. Nevertheless, even accepting as true, for purposes of review, the wife's evidence on these issues, we find no abuse of discretion in the amount of alimony awarded. The undisputed facts, taken with the plaintiff's evidence on disputed facts, establish that the plaintiff's only substantial asset is her share of the equity in the marital home, worth about $68,500, and that, to maintain the standard of living they enjoyed during the marriage, the living expenses of the wife and the three minor children would be $4,200 per month.

■ Considering the plaintiff's financial condition and needs, as established by the evidence most favorable to her, in conjunction with her ability to support herself and the defendant's ability to provide support, as found by the trial court, the award of $1,600 per month in alimony was within the court's sound discretion. While the alimony award was far below the total amount required to maintain the wife at the standard of living she enjoyed during the marriage, it is reasonable in light of the limited family resources available to fulfill her needs. Thus, we find no abuse of discretion. Should the relevant circumstances change in the future, the wife may petition the court for modification of the amount of alimony under the court's continuing jurisdiction.[5]

■ We agree, however, with the plaintiff's contention that the court's order that alimony terminate after two years was a clear and prejudicial abuse of discretion. As we stated in *Jones v. Jones*,[6] "[t]his is simply not the sort of situation in which a decreasing rehabilitative alimony award is appropriate."[7] Married soon after graduating from high school, the plaintiff's primary occupation during the twenty-odd year marriage, was caring for the parties' home and six children. Having worked only minor clerical jobs for two brief periods over twenty years apart, she has no reasonable expectation of obtaining employment two years hence that will enable her to support herself at a standard of living even approaching that which she had during the marriage.[8] Continuing spousal maintenance is mandated by these circumstances. Therefore, under our discretionary power to modify the final decree in a divorce action,[9] we hereby modify the decree of divorce in this case to provide for permanent alimony from defendant to plaintiff. Again, should the circumstances change in the future, the defendant may petition the court to modify the decree under its continuing jurisdiction.[10]

■ Finally, the plaintiff challenges the property distribution on the ground that she was not awarded either a share of the present value of the defendant's earning capacity, or additional property in compensation for the award of the defendant's consulting business to him.

The award of alimony, as modified by this opinion, duly considers and in fact is based upon the earning capacity of the defendant which clearly equates with his ability to pay alimony. No evidence was adduced at trial to establish any value attributable to the consulting business, and plaintiff concedes that the award of the

---

5. See, U.C.A., 1953, § 30-3-5 (1984 ed.).

6. *Supra* note 3.

7. *Id.* at 1076.

8. See *id.*

9. *Higley, supra* note 1 at 382; *Read v. Read,* Utah, 594 P.2d 871, 873 (1979).

10. See, *supra* note 5.

business to defendant was proper because the value of the business consists only of defendant's personal ability to perform consulting services.

The earning capacity of the defendant having been fully considered and taken into account in arriving at an equitable divorce settlement, we affirm the decree of divorce, except as to the provision for alimony modified by this opinion.

STEWART, DURHAM, HOWE and ZIMMERMAN, JJ., concur.