**David BURT, Plaintiff and Appellee,**

v.

**Betty Mae BURT, Defendant and Appellant.**

**No. 890190–CA.**

Court of Appeals of Utah.

Oct. 12, 1990.

Pete N. Vlahos, F. Kim Walpole, Ogden, for defendant and appellant.

John T. Caine, Ogden, for plaintiff and appellee.

## OPINION

Before BENCH, GARFF, and ORME, JJ.

ORME, Judge:

Defendant Betty Mae Burt appeals from the trial court's entry of a divorce decree, assigning error to the division of the parties' marital property and the award to her of $300 per month as alimony. Defendant also seeks attorney fees and costs on appeal. We reverse and remand for further proceedings.

## FACTS

Plaintiff David Burt and defendant were married in 1947. Two children were born of the marriage, both of whom reached majority before the commencement of this action. At the time this action was filed, plaintiff had been retired from government employment since 1976 and was receiving regular retirement payments of $1,350 per month. Plaintiff also received an additional $616 per month primarily from rental income and from a small watch repair business which produced nominal income. Defendant received monthly income of $415 from Social Security, $185 from an Individual Retirement Account, and $515 in interest and dividends from her investments. The net disparity in monthly incomes of plaintiff and defendant amounts to $851 in favor of plaintiff.

While the disparity in income is in favor of plaintiff, an even more dramatic difference in *property* exists in favor of defendant. Between 1969 and 1972, defendant received a total of $71,600 by inheritance. Over the years she made various investments and substantially increased her holdings, which amounted to at least $174,600 by the time of trial, and even more according to plaintiff's evidence. She purchased a home valued at $65,000, using investment income, in which she was living at the time of divorce. Early in the marriage, the parties jointly purchased a marital home, the loan for which had been fully satisfied by 1973. Plaintiff was awarded this home free of any claim by defendant.

The plaintiff was also awarded his full fifty percent interest in an inherited home [1] which generated the rental income referred to above. Plaintiff was allowed to retain his full retirement income and was additionally awarded savings accounts totalling $28,509. Plaintiff was, however, ordered to pay defendant $300 monthly in alimony.

On appeal, defendant primarily challenges the trial court's failure to compensate her for her joint interest in the marital home, suggesting the court erred in regarding the parties' home—a marital asset awarded solely to plaintiff—as a kind of offset against defendant's home, which had been purchased solely with her separate funds. The defendant also challenges the court's failure to award her a portion of the plaintiff's government retirement, a benefit acquired during the marriage, and the survivor annuity benefits incident thereto.

---

1. The plaintiff jointly inherited the rental property with his brother.

She claims the alimony awarded her in an effort to narrow the parties' income differential was not an adequate substitute for the retirement benefits to which she was entitled as a matter of property distribution.

## MARITAL HOME

The trial court allowed plaintiff to retain the marital home without any claim against it by defendant. Defendant suggests the court erred in simplistically giving each party a home of equivalent value without regard to ownership—her house was really her house while "his" house was "theirs." However, the court's intended analysis was apparently that plaintiff was entitled to an equitable offset against the amounts which the defendant had been able to amass through investment of her inherited funds which, if not for the plaintiff's all but exclusive payment of the mortgage and household expenses, even during the substantial period when both worked, would have been partially diverted, of necessity, towards those joint expenses. In making such an award the court, in effect, awarded a substantial portion of defendant's inherited funds to plaintiff.

■ Inherited or donated property, as well as its appreciated value, is generally regarded as separate from the marital estate and hence is left with the receiving spouse in a property division incident to divorce. *Mortensen v. Mortensen*, 760 P.2d 304, 308 (Utah 1988). However, such property may appropriately be considered part of the marital estate, subject to division, when the other spouse has by his or her efforts augmented, maintained, or protected the inherited or donated property, *id.*; *Dubois v. Dubois*, 29 Utah 2d 75, 504 P.2d 1380, 1381 (1973); where the parties have inextricably commingled the property with marital property so that it has lost its separate character, *Mortensen*, 760 P.2d at 308; or where the recipient spouse has

contributed all or part of the property to the marital estate. *Id.*

■ Even though defendant's inheritance is readily traceable and has not been commingled, plaintiff argues that defendant's inherited funds have substantially changed in form—they were received as cash but have become stocks, bonds and real estate—and therefore they should be considered part of the marital estate. Plaintiff relies on *Mortensen*, wherein the Court stated that property which had lost its "identity through commingling or exchanges" could properly be considered part of the marital estate. 760 P.2d at 308. We disagree with plaintiff's reading of *Mortensen*. The thrust of *Mortensen* is not whether the mere form of property has changed, but whether it has lost its "identity" as separate property. *Id.* The separate character of the defendant's inheritance has been maintained in segregated accounts and portfolios and the home she purchased. Conversion from one investment medium to another does not, by itself, destroy the integrity of segregation. To accept plaintiff's view of *Mortensen* would unreasonably discourage the prudent investment of inherited funds. In order to preserve the property's separate character, the donee or heir would be required to maintain the property in the same physical form in which it was received, be it securities, real estate, or cash. The law does not require such economic absurdity.

■ Having so concluded, we nonetheless recognize that this precept does not place defendant's separate property totally beyond the court's reach in an equitable property division. The court may award an interest in the inherited property to the non-heir spouse in lieu of alimony, *Weaver v. Weaver*, 21 Utah 2d 166, 442 P.2d 928, 929 (1968), or in "other extraordinary situations where equity so demands."[2] *Mortensen*, 760 P.2d at 308; *see also, Naranjo v. Naranjo*, 751 P.2d 1144, 1147 (Utah Ct. App.1988); *Bailey v. Bailey*, 745 P.2d 830,

---

**2.** In the event the trial court does not find the situation warrants awarding the plaintiff some credit against defendant's inherited property, and plaintiff is required to part with a portion of "his" retirement and buy out defendant's in-

terest in the marital home, the court may remedy any gross disparity in income by an award of alimony to plaintiff. *See Weaver*, 442 P.2d at 929; *Throckmorton v. Throckmorton*, 767 P.2d 121, 124 (Utah Ct.App.1988).

833 (Utah Ct.App.1987). However, we agree with defendant that the trial court did not make sufficient findings to justify its decision to award defendant's share in the marital home to plaintiff as an offset to plaintiff's putative interest in the home purchased by defendant with inherited funds. *See, e.g., Throckmorton v. Throckmorton,* 767 P.2d 121, 124 (Utah Ct.App. 1988) (trial court must make findings on all material issues); *Naranjo,* 751 P.2d at 1147 (trial court must support its decision with adequate findings). Accordingly, without necessarily implying that the result was incorrect given the peculiar facts of this case, we must remand for further findings in support of the court's disposition of the marital home and the defendant's separate property.

## ALIMONY

 The trial court granted defendant alimony in the amount of $300 per month in an attempt to help equalize the monthly income of the parties. While equity should be the watchword as the trial court apportions property and calculates alimony payments, *see Newmeyer v. Newmeyer,* 745 P.2d 1276, 1278 (Utah 1987), alimony may not be automatically awarded whenever there is disparity between the parties' incomes.[3] Alimony is appropriate "to enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge." *Eames v. Eames,* 735 P.2d 395, 397 (Utah Ct.App.1987).

A trial court must consider three factors in setting a reasonable award of alimony:

1) the financial conditions and needs of the receiving spouse; 2) the ability of the receiving spouse to produce a sufficient income for him or herself; and 3) the ability of the responding spouse to provide support.

*Throckmorton v. Throckmorton,* 767 P.2d 121, 124 (Utah Ct.App.1988). The trial court failed to enter specific findings on the needs and condition of the defendant, prohibiting effective review of the alimony award.[4] We have held that the omission of particular findings in alimony awards is an abuse of discretion. *Id.; Ruhsam v. Ruhsam,* 742 P.2d 123, 126 (Utah Ct.App.1987). Accordingly, we reverse and remand for further findings on the needs and conditions of both parties relative to alimony.[5] In conjunction with making adequate findings as to the appropriate distribution of inherited property in light of our discussion above, the court may then determine the propriety and amount of alimony for either party.

## RETIREMENT INCOME

The trial court allowed the plaintiff to retain his full retirement benefits, which, like those of defendant that she was permitted to retain in full, were accumulated during the marriage. These benefits had not only "vested" prior to the divorce—entitlement had ripened and regular distributions were being made.

 Retirement benefits accrued during marriage must normally be "considered a marital asset subject to equitable distribution upon divorce." *Motes v. Motes,* 786 P.2d 232, 234 (Utah Ct.App.1989); *Greene*

---

**3.** It is questionable from the record that this is a case warranting alimony in favor of defendant, whose substantial accumulated wealth and monthly income should permit her a standard of living comparable to what she enjoyed during the marriage. Rather, alimony was the device the court selected to narrow the gap between the parties' incomes. Especially since nearly all income at issue in this case is simply the return on property interests, the court's approach was incorrect. Proper distribution of property interests of one sort or another should have come first, and only then would alimony need to be considered. Defendant has conceded that the alimony award should be vacated if the marital

property is properly divided. *See also* note 2, *supra.*

**4.** *But see* note 3, *supra.*

**5.** The court's general comment that the parties' financial practices were "highly unusual" is not enough. "This [c]ourt has consistently emphasized the importance of specific findings...." *Asper v. Asper,* 753 P.2d 978, 981 (Utah Ct.App. 1988). This is particularly important in divorce actions. *See Rasband v. Rasband,* 752 P.2d 1331, 1333–34 (Utah Ct.App.1988) (findings must demonstrate that the court's decision logically follows from the evidence before it).

*v. Greene*, 751 P.2d 827, 830 (Utah Ct.App. 1988). Here, the value of the parties' retirement benefits may readily be calculated and equitably apportioned between the parties as the court on remand reconsiders distribution of other marital assets.[6] *See Motes*, 786 P.2d at 234.

Defendant also seeks a share of the survivor annuity benefit incident to the plaintiff's government retirement benefit, which would provide continued income to defendant upon plaintiff's death. On remand, the court may treat the annuity in a similar fashion to the retirement income stream, *see* note 8, *infra*, fixing a present value and considering that sum in the distribution scheme, or awarding the defendant an interest in the annuity to protect her right to continued payment of her share of the retirement income.

### ATTORNEY FEES

■■■■ The defendant seeks an award of attorney fees incurred on appeal, relying on *Rasband v. Rasband*, 752 P.2d 1331 (Utah Ct.App.1988), and Utah Code Ann. § 30-3-3 (1989). In *Rasband*, we stated that a *trial* court has the power to make an award of attorney fees in divorce actions, pursuant to Utah Code Ann. § 30-3-3 (1989), upon a showing of financial need and reasonableness. 752 P.2d at 1336. Ordinarily, when fees in a divorce were awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal. *Weston v. Weston*, 773 P.2d 408, 412 (Utah Ct.App.1989); *Maughan v. Maughan*, 770 P.2d 156, 162 (Utah Ct.App.1989). Conversely, when they were not awarded below, we will not generally award them on appeal, except when a party has presented a well-sup-

ported claim of changed circumstances. *See Bagshaw v. Bagshaw*, 788 P.2d 1057, 1061-62 (Utah Ct.App.1990); *Riche v. Riche*, 784 P.2d 465, 470-71 (Utah Ct.App. 1989). The major exception, inapplicable here, is when an appeal is frivolous, in which event we will award fees regardless of the trial court's ruling on fees. *See, e.g., Hurt v. Hurt*, 793 P.2d 948, 951 (Utah Ct.App.1990); *Porco v. Porco*, 752 P.2d 365 (Utah Ct.App.1988). Attorney fees were not awarded to defendant below and she has made no showing of changed circumstances necessitating that they be awarded to her on appeal. Accordingly, she is not entitled to an award of attorney fees incurred in this appeal.

### SUMMARY

■■■■ Defendant's inherited property and its increase are properly characterized as defendant's separate property. The same is true of plaintiff's inherited property. Neither party's property has lost its separate character. All retirement benefits, including defendant's Social Security and possibly her IRA,[7] are marital property and must be divided accordingly. As a measure of convenience, the court may simply award defendant one-half of the difference between the value of plaintiff's and defendant's retirement.[8] However, such an award is not terminable alimony; it is a property interest. Similarly, the marital home and possibly the savings accounts[9] are marital property and defendant must be granted her share.

■■■■ The foregoing discussion assumes the proper application of Utah law in a situation where no extraordinary circumstances are found by the court to exist.

6. In evaluating the nature of defendant's IRA, the court must determine whether contributions were made with inherited funds, as an investment device, or with money earned from employment during the marriage to provide a true retirement benefit. If the former, the IRA is defendant's separate property; if the latter, it should be treated like the other retirement benefits.

7. *See* note 6, *supra.*

8. While a present settlement is preferable, *Motes v. Motes*, 786 P.2d at 234, the trial court may award the defendant a share of the income stream from the retirement benefits as they are paid, *id.*, not in the form of alimony but as a property award not terminable upon remarriage. *See* Utah Code Ann. § 30-3-5 (1989).

9. The court must also consider whether the savings accounts awarded to plaintiff were marital property or separate property derived from plaintiff's inheritance.

However, these are presumptive only and not immutable principles. "The overriding consideration is that the ultimate division be equitable—that property be fairly divided between the parties given their contributions during the marriage and their circumstances at the time of the divorce." *Newmeyer v. Newmeyer*, 745 P.2d 1276, 1278 (Utah 1987). On remand, the court should first properly categorize the parties' property as part of the marital estate or as the separate property of one or the other. Each party is presumed to be entitled to all of his or her separate property and fifty percent of the marital property. But rather than simply enter such a decree, the court should then consider the existence of exceptional circumstances and, if any be shown, proceed to effect an equitable distribution in light of those circumstances and in conformity with our decision. That having been done, the final step is to consider whether, following appropriate division of the property, one party or the other is entitled to alimony.[10]

We recognize that the trial court attempted to do equity in its distribution of the marital estate and acted in the face of atypical circumstances. Notwithstanding, the court's division of the estate cannot stand undisturbed when we are not presented with sufficient findings to demonstrate that the court's ruling comports with established law. Accordingly, we remand for further proceedings. The parties will bear their own attorney fees and costs.

BENCH and GARFF, JJ., concur.

---

**10.** In prescribing a systematic approach on remand, we do not suggest any particular outcome following reconsideration. We do recognize that our alteration of pivotal portions of the trial court's decree may necessitate reassessment and adjustment of other portions of the decree and that the trial court has the authority to reconsider its entire decree in light of this court's opinion and to make such adjustments as may be necessary to achieve an equitable overall result.