511 P.2d 720

Margaret Evelyn **HELTMAN**, Plaintiff and Respondent,

v.

George Allen **HELTMAN**, Defendant and Appellant.

No. 13151.

Supreme Court of Utah.

June 21, 1973.

2. State v. Spencer, 24 Utah 2d 361, 471 P.2d 873 (1970).

———◇———

David C. Anderson, Salt Lake City, for defendant and appellant.

Herschel J. Saperstein, Jeffrey N. Clayton of Moyle & Draper, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment denying defendant's petition in a divorce matter for reduction of payments to Mrs. H., from $85 per month per child to $50. The judgment in all respects is affirmed, with costs to Mrs. H.

The parties were married in 1950, and divorced 20 years later, in April, 1970, after four children had been born to them. Eighty-five dollars per month each was decreed her for the support of three children awarded to her. *Two months* later Mrs. H. was graduated from school with a sociology degree, after which she was employed at $800 per month. Quite coincidentally, this was the same gross income received at the time of hearing this matter by Mr. H. Heltman then married another woman after his divorce, in 1972, before he filed his petition here. She earns $600 per month. Nonetheless, Mr. H. assigned his marriage to her as a change of circumstances, apparently to show additional burden—without mentioning *her* income. By this time Mr. H. had defaulted on his payments of support money, had a $1,900 judgment rendered against him for arrearages, a little over a year and a half after the divorce,—and apparently in some sort of self-defense or perhaps retaliation sought the reductive relief mentioned above.

■■ He now says that the trial court 1) abused its discretion in failing to deify his plaint and 2) violated his Fourth and Fourteenth Federal Constitutional Amendment rights in addition to his Utah State Constitutional rights under Article I, Section 2, thereof, by asserting and emphasizing a strange cumulative montage of so-called equal protective rights argument, that finds comfort in the heart, perhaps, of an unhappy or agonized ex-husband, but not in any immunity from parental obligation,—under any woman's "lib" concept of

parity nor in derogation of the trial court's obvious application of equitable principle directed toward familial needs and obligations. We do not decide Mrs. H.'s request for attorney's fees on appeal, for the reason that this matter is determinable by the lower court in a proper proceeding, where, as is not the case in this court, the matter may be determined by sworn testimony, but determinable by the trial court as arbiter not only of the facts but as to justification for such award, the amount thereof, and whether under the particular circumstances of each case, any award is or is not justified at all.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.