Donna S. TALLEY, Plaintiff
and Respondent,

v.

Glenn E. TALLEY, Defendant
and Appellant.

No. 860085–CA.

Court of Appeals of Utah.

July 2, 1987.

Stephen A. Van Dyke, Bean & Smedley, Layton, for defendant and appellant.

Paul H. Liapis, Kent M. Kasting, Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, BENCH, and ORME, JJ.

OPINION

BENCH, Judge:

Defendant appeals the property division, alimony award, and attorney fees award in a decree of divorce. We affirm the property division and the award of alimony, but we reverse the award of attorney fees.

Plaintiff Donna S. Talley and defendant Glenn E. Talley were married on June 14, 1968. On December 14, 1983, plaintiff filed a complaint for divorce.

At trial on August 27, 1984, the court received evidence in the form of testimony and exhibits regarding the value of the marital assets, alimony, and attorney fees. The court issued a memorandum of decision on September 4, 1984. In its decision the court assigned values and distributed the marital property by awarding plaintiff, among other items, the parties' home, her personal property, and a portion of the furniture and fixtures in the home. The court awarded defendant, among other items, a boat, various stock, his retirement plan, his personal property, and a portion of the furniture and fixtures in the home.

**84**

The court also awarded alimony and attorney fees to plaintiff. The court filed its formal findings, conclusions and decree on November 14, 1984.

On appeal, defendant contends the trial court erred in disproportionately assigning values to marital assets with insufficient evidence.

■ Determining and assigning values to marital property is a matter for the trial court, and this Court will not disturb those determinations absent a showing of clear abuse of discretion. *Yelderman v. Yelderman*, 669 P.2d 406 (Utah 1983); *Turner v. Turner*, 649 P.2d 6 (Utah 1982). While defendant has concededly shown that the trial court valued certain items of marital property either contrary to or in the absence of *his* testimony, he has failed to show how this constitutes an abuse of discretion. We therefore affirm the disposition of the marital property.

Defendant next argues the trial court erred in awarding alimony to plaintiff. Defendant argues the testimony and evidence at trial failed to demonstrate plaintiff's actual need for alimony.

■ The purpose of alimony is to "enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge". *Eames v. Eames*, 735 P.2d 395, 397 (Utah App.1987) (citing *Paffel v. Paffel*, 732 P.2d 96, 100 (Utah 1986)). This Court will not interfere with an award of alimony absent a showing of a clear and prejudicial abuse of discretion. *Id.*

In *Eames*, this Court reiterated the three factors, previously adopted by the Utah Supreme Court, that the trial court must consider in awarding alimony: 1) the financial condition and needs of the receiving spouse, 2) the ability of the receiving spouse to produce a sufficient income for himself or herself, and 3) the ability of the paying spouse to provide support. *Id.; see also Boyle v. Boyle*, 735 P.2d 669 (Utah App.1987).

■ In the instant case, the parties were married for fifteen years. At the time of the divorce, plaintiff netted approximately $953.00 per month from her employment, while defendant earned approximately $2,018.00 net per month. Plaintiff testified her monthly expenses totaled $1,320.00. She asked for $500.00 per month permanent alimony. The court awarded her $250.00 per month for the first two years and $150.00 per month for the following three years. The record is clear the court considered the required factors, and we therefore affirm the award of alimony.

Defendant finally argues the trial court's award of plaintiff's attorney fees was in error as the court failed to address the reasonableness of the fees requested by plaintiff's counsel.

■ "In divorce cases, an award of attorney fees must be supported by evidence that it is reasonable in amount and reasonably needed by the party requesting the award." *Huck v. Huck*, 734 P.2d 417, 419 (Utah 1986). Although plaintiff sufficiently demonstrated reasonable financial need, she failed to present evidence of the reasonableness of the fee requested. At the close of plaintiff's case, her counsel proffered testimony and produced an exhibit itemizing the time and costs expended by him, his associate, and his clerk, and the hourly rates charged for each. Conspicuously absent is any evidence "regarding the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorce actions in the community...." *Kerr v. Kerr*, 610 P.2d 1380, 1384–85 (Utah 1980).

Because plaintiff failed in her burden of establishing the reasonableness of the attorney fees requested, we reverse the award of attorney fees. *Beals v. Beals*, 682 P.2d 862 (Utah 1984); *Delatore v. Delatore*, 680 P.2d 27 (Utah 1984).

Affirmed in part, reversed in part. Parties to bear their own costs.

GREENWOOD and ORME, JJ., concur.