Marilyn **RAPPLEYE,** Plaintiff, Appellee, and Cross–Appellant,

v.

George Bryce **RAPPLEYE,** Defendant, Appellant, and Cross–Appellee.

No. 910512–CA.

Court of Appeals of Utah.

June 15, 1993.

Stephen L. Henriod and Clark R. Nielsen (argued), Henriod, Henriod & Nielsen, Salt Lake City, for appellant George Rappleye.

Merrill F. Nelson (argued), Kirton, McConkie & Poelman, Salt Lake City, for appellee Marilyn Rappleye.

Before BILLINGS, JACKSON and RUSSON, JJ.

RUSSON, Associate Presiding Judge:

George Bryce Rappleye and Marilyn Rappleye appeal the trial court's divorce decree, challenging several property and support provisions. We affirm in part, and vacate and remand in part.

## FACTS

The Rappleyes were married January 7, 1984. At that time, Mrs. Rappleye had $74,006 in premarital assets, which included proceeds from the sale of her former home and the conversion of a retirement account that she was awarded from a previous marriage.

Prior to the couple's marriage, Mr. Rappleye operated a hardware store that he had purchased in 1981 for $80,000. During their marriage, both Mr. and Mrs. Rappleye worked at the hardware store. While neither of the parties was paid a wage or salary for working there, the funds generated by the store were used to pay the couple's living expenses. In June 1988, Mr. Rappleye sold the store for $315,000.

In January 1989, the Rappleyes separated, and Mrs. Rappleye filed a complaint seeking a decree of divorce. On April 26, 1991, following trial, the trial court entered its findings of fact, conclusions of law and decree of divorce wherein it: (1) awarded each party one-half of the Merrill Lynch cash account and the Franklin Federal Fund account; (2) granted Mr. Rappleye all proceeds from the sale of the hardware store; (3) awarded Mrs. Rappleye alimony of $800 per month for two years from April 1, 1991, and attorney fees in the amount of $5000; and (4) ordered both parties to pay their respective accounting fees and other costs.

Mr. Rappleye appeals, claiming that the trial court abused its discretion in valuing the Merrill Lynch cash account at the time of separation and not at the time of trial.[1] Mrs. Rappleye cross-appeals, challenging the court's (1) failure to award her a partnership or equitable interest in the proceeds from the sale of the hardware store, (2) award of $800 per month alimony for two years, and (3) failure to award her accounting fees. Both parties challenge the court's attorney fee award. Additionally, Mrs. Rappleye seeks attorney fees on appeal.

## MERRILL LYNCH CASH ACCOUNT

Mr. Rappleye claims that the trial court abused its discretion in valuing the Merrill Lynch cash account at the time of the parties' separation and not at the time of the trial itself. He argues that since the Merrill Lynch cash account had declined from a positive balance of $58,456 at the time of the parties' separation to a negative balance of $20,244 at the time of trial, the court's valuation of that account at the time of separation was improper. Mrs. Rappleye responds that because Mr. Rappleye dissipated and mismanaged the funds in the Merrill Lynch account, the trial court did not abuse its discretion in valuing the account as of the time of the parties' separation.

■ As a general rule, the marital estate is valued at the time of the divorce decree. *Berger v. Berger*, 713 P.2d 695, 697 (Utah 1985); *accord Fletcher v. Fletcher*, 615 P.2d 1218, 1222–23 (Utah 1980). Moreover, any deviation from the general rule must be supported by sufficiently detailed findings of fact that explain the trial court's basis for such deviation. *Morgan v. Morgan*, 795 P.2d 684, 688 (Utah App.1990) (*Morgan I*).

■ In the case at bar, the uncontroverted evidence before the trial court indicated that the Merrill Lynch cash account had a negative balance of $20,244 at the time of trial. However, the trial court, without any subsidiary findings to support its determination, valued that account at $58,456, the value of the account at the time of the parties' separation two years prior to trial.

---

1. Mr. Rappleye also argues on appeal that the trial court improperly awarded one-half of the Franklin Federal Fund account to Mrs. Rappleye. He claims that the fund was purchased with his premarital funds, and thus, it should have been awarded to him as a premarital asset. However, as correctly noted by Mrs. Rappleye, Mr. Rappleye did not object to the division of that account before the trial court, but raises such claim for the first time on appeal. It is well settled that matters not put in issue before the trial court may not be raised for the first time on appeal. *See Fletcher v. Fletcher*, 615 P.2d 1218, 1222 (Utah 1980); *accord Sukin v. Sukin*, 842 P.2d 922, 926 (Utah App.1992). Accordingly, we do not consider this claim on appeal.

Because such valuation is contrary to the general rule that the marital estate is valued at the time of the divorce decree, we vacate the trial court's valuation of the Merrill Lynch cash account and remand this issue to the trial court for more detailed findings regarding the date at which the account should be valued, as well as its basis for valuing it as of such date. *See id.*

### SALE OF THE HARDWARE STORE

Mrs. Rappleye claims that the trial court abused its discretion in failing to award her a partnership or equitable interest in the proceeds from the sale of the hardware store. She argues that the proceeds from the sale of her home, as well as the funds from the converted retirement account that she was awarded from a prior marriage, were commingled and used in the operation of the hardware store, and therefore she is entitled to an interest in the proceeds from the sale of the store. Mr. Rappleye replies that since the hardware store was his premarital asset, the court's award of all the proceeds to him was proper.

■ There is no fixed formula upon which to determine a division of assets in a divorce action. *Watson v. Watson,* 837 P.2d 1, 5 (Utah App.1992); *accord Morgan v. Morgan,* 854 P.2d 559, 562–63 (Utah App.1993) (*Morgan II*). "Determining and assigning values to marital property is a matter for the trial court, and this Court will not disturb those determinations absent a showing of clear abuse of discretion." *Morgan II,* 854 P.2d at 563 (quoting *Talley v. Talley,* 739 P.2d 83, 84 (Utah App.1987)). "In making such orders, the trial court is permitted broad latitude, and its judgment is not to be lightly disturbed, so long as it exercises its discretion in accordance with the standards set by this court." *Id.* (quoting *Newmeyer v. Newmeyer,* 745 P.2d 1276, 1277 (Utah 1987)). However, there must be adequate factual findings to reveal how the court reached its conclusions. *Lee v. Lee,* 744 P.2d 1378, 1380 (Utah App.1987); *accord Dunn v.*

*Dunn,* 802 P.2d 1314, 1317 (Utah App. 1990).

■ As a general rule, premarital property is considered separate property and will be retained by the party who brought it into the marriage. *Dunn,* 802 P.2d at 1320. "Exceptions to this general rule include whether the property has been commingled, whether the other spouse has by his or her efforts augmented, maintained, or protected the separate property, and whether the distribution achieves a fair, just, and equitable result." *Id.* (citing *Burt v. Burt,* 799 P.2d 1166, 1168 (Utah App.1990); *Noble v. Noble,* 761 P.2d 1369, 1373 (Utah 1988)).

■ In the case at bar, the trial court awarded all of the proceeds from the sale of the hardware store to Mr. Rappleye as a premarital asset. However, the court's findings are insufficient to support such award. At trial, there was evidence that a portion of Mrs. Rappleye's premarital assets were commingled in the hardware store operations and that Mrs. Rappleye worked at the store during the marriage without a wage or salary. The trial court, however, in awarding all of the proceeds from the sale of the store to Mr. Rappleye, apparently never considered Mrs. Rappleye's contributions in determining what financial benefits, if any, accrued to the hardware store by virtue of her contributions, financial or otherwise, during the period of the marriage. Furthermore, the trial court made no finding as to the value of the hardware store at the time of the parties' marriage, which finding is crucial to determining whether the value of that asset increased during the parties' marriage.[2] Accordingly, we vacate the trial court's award of the all the proceeds from the sale the hardware store to Mr. Rappleye and remand this issue for more detailed findings regarding the division of such proceeds.

### ALIMONY

■ Mrs. Rappleye claims that the trial court abused its discretion in only award-

---

**2.** In its findings, the court merely found that Mr. Rappleye purchased the hardware store in 1981 for $80,000 and sold the same in 1988, prior to the parties' divorce for $315,310.46.

ing her alimony of $800 per month for two years. Mr. Rappleye responds that, given the short term of the marriage, the trial court properly limited the amount and duration of such award.

We have previously held that:

In awarding alimony, appellate courts require the trial court to consider each of the following three factors: (1) the financial condition and needs of the receiving spouse; (2) the ability of the receiving spouse to produce a sufficient income for him or herself; and (3) the ability of the responding spouse to provide support. If these three factors have been considered, we will not disturb the trial court's alimony award unless such a serious inequity has resulted as to manifest a clear abuse of discretion.

*Morgan v. Morgan,* 854 P.2d 559, 567 (Utah App.1993) (quoting *Schindler v. Schindler,* 776 P.2d 84, 90 (Utah App. 1989)) (citation omitted). Further, we have noted that the length of the marriage may also be relevant in formulating an alimony award. *See Boyle v. Boyle,* 735 P.2d 669, 671 (Utah App.1987) (holding that trial court did not abuse its discretion in denying alimony to wife following a short-term marriage).

Our review of the record reveals that the trial court properly considered the requisite factors in formulating Mrs. Rappleye's alimony award. With respect to Mrs. Rappleye's need and ability to produce sufficient income, the trial court found:

8. [Mrs. Rappleye] is unemployed and other than working in the said Timberline Ace Hardware during the marriage without salary, she has had limited work and job experience; that prior to this marriage, [Mrs. Rappleye] did have employment as a secretary at an hourly wage of $6.00; that [Mrs. Rappleye] is 55 years of age and has had one year of college; that [Mrs. Rappleye's] health is good; that by reason of [Mrs. Rappleye's] limited education, training and job experience it is unlikely that she will be able to earn significantly more than as above indicated; that [Mrs. Rappleye]

claims monthly living expenses of $917.00 which does not include anything for housing since [Mrs. Rappleye] has been living in the family home rent free.

Further, as to Mr. Rappleye's ability to pay alimony, the trial court found:

9. [Mr. Rappleye] is retired and has had no gainful employment since the sale of said hardware business in June of 1988; that since said sale [Mr. Rappleye's] income has been derived from the interest on said sale proceeds and investments amounting to approximately $2,400.00 per month; that [Mr. Rappleye] has had many years experience as a retailer and prior to 1981 when [Mr. Rappleye] began operating his own hardware business, he was earning approximately $15,000.00 per year; that [Mr. Rappleye] is 56 years of age and is in good health; that by reason of [Mr. Rappleye's] job and work experience, should he go back to work he would likely be able to earn as much or more than as above indicated.

Based on the foregoing findings the court concluded:

16. That for the reasons above indicated, and for the further reason that once the Midway home is sold [Mrs. Rappleye] will be required to seek and pay for adequate housing, it is reasonable that [Mr. Rappleye] should continue to pay alimony to [Mrs. Rappleye] for a period of two years from April 1, 1991, in the sum of $800.00 per month, to assist [Mrs. Rappleye] to meet her living expenses while she is readjusting her affairs and life.

The findings in this case demonstrate that the trial court properly considered the necessary factors in formulating the alimony award. Because these findings are supported by the evidence before the trial court, and especially in light of the short term of the marriage, we conclude that the trial court did not abuse its discretion in only awarding Mrs. Rappleye alimony in the amount of $800 per month for two years.[3]

**3.** Although we affirm the trial court's alimony award, the court's determination as to the prop-

## ACCOUNTING COSTS

Mrs. Rappleye argues that the trial court abused its discretion by failing to award her accounting costs. She asserts that because she accrued accounting costs in prosecuting this action, she is entitled to an award of such costs under Utah Code Ann. § 30–3–3 (1989), which states:

> The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action.

■ We have previously held that section 30–3–3 affords divorce litigants "a broader award of reimbursement, if need be, for the expenses of litigation, than those reimbursements authorized in other civil cases." *Peterson v. Peterson*, 818 P.2d 1305, 1310 (Utah App.1991) (citation omitted). Such awards are within the sound discretion of the trial court so long as the court properly considers the receiving spouse's need for such costs and both parties' ability to pay the same. *Id.*

■ In the present case, Mrs. Rappleye sought reimbursement of accounting costs that had been incurred in prosecuting this action. The trial court rejected her claim, concluding that "each party should assume and pay the accounting fees and charges incurred by that party incurred herein." However, in so doing, the court made no underlying findings regarding Mrs. Rappleye's need for such reimbursement nor either parties' ability to pay the same. Therefore, we vacate the court's determination and remand this matter to the court for further findings regarding the propriety of awarding accounting costs to Mrs. Rappleye under Utah Code Ann. § 30–3–3 (1989).

## ATTORNEY FEES AT TRIAL

■ Both parties appeal the trial court's award of partial attorney fees to Mrs. Rappleye. Mrs. Rappleye claims that she should have been awarded the full amount of attorney fees, while Mr. Rappleye argues that the trial court's findings concerning Mrs. Rappleye's need for attorney fees and the reasonableness of such award were inadequate to support such award.

Utah Code Ann. § 30–3–3 (1989) gives trial courts the power to award attorney fees in divorce actions. *Morgan v. Morgan*, 854 P.2d 559, 568 (Utah App.1993). "Both the decision to award attorney fees and the amount of such fees, are within the sound discretion of the court." *Id.* (quoting *Crouse v. Crouse*, 817 P.2d 836, 840 (Utah App.1991)). "The award, however, must be based on evidence of the receiving spouse's financial need for attorney fees, the ability of the other spouse to pay, and the reasonableness of the requested award." *Id.* (citations omitted); *accord Chambers v. Chambers*, 840 P.2d 841, 844 (Utah App.1992); *Bell v. Bell*, 810 P.2d 489, 493 (Utah App.1991). As to the reasonableness of attorney fee awards, we have stated:

> Reasonable attorney fees are not measured by what an attorney actually bills, nor is the number of hours spent on the case determinative in computing fees. In determining the reasonableness of attorney fees, ... [a] court may consider among other factors, the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Rasband v. Rasband*, 752 P.2d 1331, 1336 (Utah App.1988) (quoting *Cabrera v. Cottrell*, 694 P.2d 622, 624–25 (Utah 1985)). Further, in *Haumont v. Haumont*, 793 P.2d 421 (Utah App.1990), we stated:

er division of the hardware store on remand may affect: (1) Mrs. Rappleye's financial condition and need for alimony; (2) Mrs. Rappleye's ability to produce sufficient income for herself; and (3) Mr. Rappleye's ability to provide support. Accordingly, on remand, the trial court may need to reconsider the alimony award in light of its determination regarding the division of the hardware store.

"[T]he court abuses its discretion in awarding less than the amount [of attorney fees] requested *unless* the reduction is warranted" by one or more of the above factors. The trial court must, accordingly, identify such factors on the record and also explain its sua sponte reduction in order to permit meaningful review on appeal.

*Id.* at 426 (quoting *Martindale v. Adams*, 777 P.2d 514, 518 (Utah App.1989)) (citation omitted).

In the instant case, the trial court, in formulating the attorney fee award, considered Mrs. Rappleye's need for attorney fees and Mr. Rappleye's ability to pay the same, finding:

15. That by reason of [Mrs. Rappleye's] limited work experience and capability, [Mrs. Rappleye] will not be able to pay her attorney fees without recourse to the liquid principal assets hereinabove referred to; that any substantial depletion of such cash assets will seriously affect the ability of [Mrs. Rappleye] to meet her necessary living expenses and provide for her future security; that unless [Mr. Rappleye] obtains gainful employment, he likewise will be obliged to resort to his principal assets to satisfy his living requirements and to meet any obligation to [Mrs. Rappleye] which the court may impose; that [Mr. Rappleye's] opportunities for employment because of his training and experience are realistically greater than those of [Mrs. Rappleye] and [Mr. Rappleye's] principal assets far exceed in value those of [Mrs. Rappleye]; that by reason of [Mrs. Rappleye's] need and [Mr. Rappleye's] ability to pay, it is therefore reasonable that the [Mr. Rappleye] should pay to [Mrs. Rappleye] the sum of $5,000.00 to assist [her] in paying her attorney fees.

With respect to the reasonableness of the requested attorney fees, the trial court found:

24. That [Mrs. Rappleye] claims attorney fees owing to Harold Call in the sum of $4,500.00; that there is nothing in the record to support such a charge or which would enable the court to decide the reasonableness of such claim or the necessity therefor.

25. That [Mrs. Rappleye] claims attorney fees to her present counsel in the amount of $11,140, based on 111.4 hours at $100 per hour; that such hourly rate is reasonable and consistent with charges customarily made in this community for like services; that there is insufficient evidence in the record to permit the Court to make a determination as to the reasonable necessity for incurring and expending all of the number of hours indicated. However, it is evident that counsel has of necessity attended a day-and-a-half of trial and has of necessity spent considerable time preparing exhibits and preparing for trial.

The foregoing findings are insufficient to support the trial court's sua sponte reduction of the amount of attorney fees awarded to Mrs. Rappleye. While the trial court apparently found that the testimony and supporting affidavit of Mrs. Rappleye's attorney were insufficient to establish the reasonableness of the full amount of requested fees, it articulated no reasonable basis for its ultimate award of $5000. Because the court's findings fail to demonstrate that the $5000 award was arrived at after proper consideration of the relevant factors for determining the reasonableness of attorney fee awards, such award constituted an abuse of discretion. Accordingly, we vacate the award of attorney fees to Mrs. Rappleye and remand the issue to the court for further findings regarding the reasonableness of such award.

### ATTORNEY FEES ON APPEAL

■ Mrs. Rappleye claims that she is entitled to attorney fees on appeal. "Ordinarily, when fees in a divorce were awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal." *Bell v. Bell*, 810 P.2d 489, 494 (Utah App.1991) (quoting *Burt v. Burt*, 799 P.2d 1166, 1171 (Utah App. 1990)); *accord Watson v. Watson*, 837 P.2d 1, 8 (Utah App.1992). In this case, while both parties must assume some responsibility for the deficiencies in the findings, inas-

much as we vacate the trial court's determination and remand for further findings as to the equitable distribution of the proceeds from the sale of the hardware store, the propriety of awarding accounting costs to Mrs. Rappleye, and the reasonableness of the award of attorney fees to Mrs. Rappleye at trial, Mrs. Rappleye has substantially prevailed on those issues. *Potter v. Potter*, 845 P.2d 272, 275 (Utah App.1993). Accordingly, we remand the issue of attorney fees incurred by Mrs. Rappleye on appeal to the trial court for its consideration of such fees in light of the disposition of this case on appeal. *Id.*

## CONCLUSION

We affirm the trial court's award of alimony to Mrs. Rappleye. We vacate (1) the court's valuation of the Merrill Lynch account, (2) the award of all of the proceeds from the sale of the hardware store to Mr. Rappleye, (3) the denial of accounting costs to Mrs. Rappleye, and (4) the award of attorney fees to Mrs. Rappleye, and remand those matters to the trial court for further proceedings consistent with this opinion. We also determine that Mrs. Rappleye is entitled to attorney fees on appeal and remand the matter to the trial court for its consideration of such fees in light of the disposition of this case on appeal.

BILLINGS and JACKSON, JJ., concur.