Christa C. SCHAUMBERG, Plaintiff and Appellee,

v.

Thomas J. SCHAUMBERG, Defendant and Appellant.

No. 920865–CA.

Court of Appeals of Utah.

May 26, 1994.

---

Frederick N. Green and Susan C. Bradford, Salt Lake City, for appellant.

Kent T. Yano, Salt Lake City, for appellee.

Before DAVIS, GREENWOOD and JACKSON, JJ.

## OPINION

DAVIS, Judge:

Appellant, Thomas J. Schaumberg (Husband), appeals from a final decree of divorce from appellee, Christa C. Schaumberg (Wife). We affirm and remand for determination of whether Wife is entitled to attorney fees on appeal.

## FACTS

At the time of their divorce, the parties had been married for over twenty-five years, and their two children had reached their majority.

For sixteen years of the marriage, Husband was employed by the military. Thereafter, he became self-employed as a financial consultant through a solely-owned corporate entity.

During the marriage, Husband inherited real property from his father's estate, the sale of which resulted in net proceeds of $33,933.87. Husband used $20,000 of these funds as a down payment on a business building. The court found that Husband spent an additional $8000 of the inherited funds to improve the building. Husband's corporation, the sole tenant of the building, paid Husband $1250 a month in rent. Husband used these funds to pay the $957 monthly mortgage payment on the property and used the remainder for upkeep.

Over the years, Husband maintained and improved the business property using corporate and other funds. Prior to trial, Husband responded to an interrogatory to the effect that he used the proceeds of a $25,000 loan (the Armstrong loan) to improve the

building. However at trial, Husband suggested that he spent the proceeds of the Armstrong loan on family expenses. The trial court found in its memorandum decision that the Armstrong loan was used in part to maintain and upgrade the building. At the time of trial, the outstanding mortgage on the building amounted to approximately $45,000, and the fair market value was $100,000, leaving an equity of $55,000.

The court awarded Wife $800 per month alimony. While the court made no findings regarding need, Wife submitted the following to establish her need and standard of living: (1) at the time of filing, in September 1991, she declared $3178 as her monthly living expenses; (2) at pretrial, she declared $2849 as her monthly living expenses; and (3) at trial, she submitted an exhibit projecting her monthly living expenses as $2272.58. Wife testified that the three amounts differed because of her changing understanding of her finances and her changing circumstances as she moved from a family household to a single household. She also testified that the last amount most nearly reflected her understanding of her projected needs and standard of living in a single household.

Taking into account her skills and past experience, the court imputed to Wife an earning ability of $1000, and awarded her a portion of Husband's military retainer amounting to $589 per month. These amounts, combined with Wife's alimony award, amounted to a gross monthly income of $2389.

At trial, Wife made no claim against Husband's original $28,000 investment in the business property. However, she claimed one-half of the equity in excess of Husband's investment in the building. The court agreed with this claim, determining Wife was "entitled to share in the appreciation in the value of the building in an amount equal to $27,000, which takes into account [Husband's] initial separate property contribution." The court based this determination on the fact that "the rent paid by Husband's corporation exceeded the mortgage payment, [and that] Husband sought to categorize the $25,000 Armstrong debt as a marital debt

and he used the funds from the loan to improve the property."

On the last day of trial, the parties closed on the sale of their marital house, the proceeds of which the court had not yet distributed. At trial, counsel for Wife claimed that she feared Husband would keep all the money if the title company issued only one check in both parties' names. Wife's counsel suggested that the title company issue checks to each party for one-half of the sale proceeds, pending the trial court's final distribution of marital assets. Husband's counsel informally stipulated to that procedure.

Later, in its memorandum decision and in its conclusions of law, the court awarded Wife the entire net proceeds of the sale of the house, which amount the court determined to be $61,730. Both parties agree that Husband received one-half of the proceeds but did not deliver those proceeds to Wife.

In making its property distribution, together with allocation of the Armstrong debt, the court determined that each of the parties' distributions were equal within a few hundred dollars.

The court also found that each party should pay their respective attorney fees. The court based this determination in part upon its findings that Wife received a greater share of the liquid assets, that the parties received a relatively equal distribution of the marital assets, that the court had partially resolved inequities in the parties' income via alimony, and that Husband voluntarily agreed to finance their daughter's education.

Husband appeals and Wife seeks attorney fees on appeal.

## ALIMONY

■ Husband claims the trial court abused its discretion in awarding Wife $800 per month alimony because it failed to make a finding regarding Wife's need.

■ The general purpose of alimony is to prevent the receiving spouse from becoming a public charge and to maintain to the extent possible the standard of living enjoyed during the marriage. *Howell v. Howell*, 806

P.2d 1209, 1212 (Utah App.), *cert. denied,* 817 P.2d 327 (Utah 1991).

In determining whether to award alimony and in setting the amount, the trial court must consider (1) the financial conditions and needs of the receiving spouse; (2) the ability of the receiving spouse to provide for him or herself; and (3) the ability of the payor spouse to provide support. *Chambers v. Chambers,* 840 P.2d 841, 843 (Utah App. 1992). When "the payor spouse's resources are adequate, alimony need not be limited to provide for only basic needs, but should also consider the recipient spouse's 'station in life.'" *Howell,* 806 P.2d at 1212; *accord Martinez v. Martinez,* 818 P.2d 538, 542 (Utah 1991).

When the trial court has failed to make findings on the three factors listed above, we reverse, unless pertinent facts in the record are clear, uncontroverted, and capable of supporting only a finding in favor of the judgment. *Hall v. Hall,* 858 P.2d 1018, 1025 (Utah App.1993); *Howell,* 806 P.2d at 1213. So long as the record is clear that the trial court has considered these three factors, we will not disturb its determination regarding alimony unless it has clearly abused its discretion. *Chambers,* 840 P.2d at 843.

We find no merit in Husband's claim that the evidence of need is controverted. Wife submitted documents reflecting her changing circumstances as she moved from a family household to a single household. In addition, she testified at trial that her stated needs amounted to $2272.58 per month. While Husband's counsel vigorously cross-examined her on this issue, Husband offered no evidence controverting her evidence of this amount.

Here, the court awarded Wife $800 per month alimony, imputed an earning ability of $1000 per month and awarded her a portion of Husband's military retainer amounting to $589 per month. Thus, the court's award contemplated that Wife would receive a monthly income of $2389. That figure is close to Wife's stated monthly need of $2272.58. In view of the trial court's equitable distribution of the marital assets and debts, Wife's uncontroverted testimony regarding her projected needs and past standard of living, and Husband's ability to pay, we conclude that the court considered the necessary factors. Accordingly, the court did not abuse its discretion in awarding her $800 per month alimony.

## APPRECIATION

Husband claims the court erred in awarding Wife one-half of the appreciated value of his business property.

A trial court has considerable discretion concerning property distribution in a divorce proceeding, thus its actions enjoy a presumption of validity. *Watson v. Watson,* 837 P.2d 1, 5 (Utah App.1992). In fact, a trial court has discretion to award inherited property. *Noble v. Noble,* 761 P.2d 1369, 1373 (Utah 1988). We disturb such a distribution of property only when there is "a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderates against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion." *Id.*

While a trial court has discretion to award inherited property, such property, "as well as its appreciated value, is generally regarded as separate from the marital estate and hence is left with the receiving spouse in a property division incident to divorce." *Burt v. Burt,* 799 P.2d 1166, 1169 (Utah App.1990); *accord Hall v. Hall,* 858 P.2d 1018, 1022 (Utah App.1993). Courts have considered inherited property as part of the marital estate when "the other spouse has by his or her efforts augmented, maintained, or protected the inherited or donated property, when the parties have inextricably commingled the property with marital property so that it has lost its separate character, or when the recipient spouse has contributed all or part of the property to the marital estate." *Id.* However, even in cases when the inherited property has not lost its identity as such, the court may nevertheless award it to the non-heir spouse in lieu of alimony and in other extraordinary situations when equity so demands. *Id.*

■ Husband claims the court clearly erred in finding that he spent the $25,000 Armstrong loan, admittedly a marital debt, to maintain and improve the business building. He essentially argues that the business building is not marital property because he never used marital funds to augment or maintain it. Husband's argument challenges the court's findings of fact. In reviewing such a claim, we give due regard "to the opportunity of the trial court to judge the credibility of the witnesses," and we do not set aside a challenged finding except when we determine it to be clearly erroneous. Utah R.Civ.P. 52(a).

■ Moreover, to challenge a finding, the party must marshal all evidence supporting the challenged finding and demonstrate how the marshaled evidence is insufficient to support the finding. *Baker v. Baker,* 866 P.2d 540, 543 (Utah App.1993). Here Husband has not marshaled the evidence, but has merely reargued the evidence supporting his position.

Further, Husband caused the inconsistencies in the record. Husband prepared an answer to Wife's interrogatory to the effect that he spent the loan funds to improve the business property. However at trial, he denied this and said he spent the funds on family expenses. We therefore defer to the trial court, which was in a superior position to judge the credibility of the witnesses and to weigh the evidence. Thus, Husband has failed to demonstrate that the trial court's finding that he spent the proceeds from the Armstrong loan to maintain and improve the building is clearly erroneous.

■ Even though Husband used inherited funds to pay the down payment on the building, he used substantial marital funds to maintain and augment that asset.[3] We find no error in the court's determination that the appreciated portion of the asset changed its character from a personal asset to a marital asset. *See Burt,* 799 P.2d at 1169. Likewise, we find no error in the court's determination that Wife was entitled to one-half of the appreciation of the building.

## APPROVED STIPULATION

Husband claims the trial court erred in awarding Wife the entire equity from the sale of the marital property. He claims the parties stipulated that each party would receive one-half of the net proceeds of the sale and that the court approved that stipulation. Both parties agree that Husband has failed to deliver to Wife the money he received from the title company representing one-half of the proceeds.

At trial, Wife's counsel claimed Wife feared Husband would keep all the money if the title company issued only one check in both parties' names. Wife's counsel suggested that the title company issue checks to each party for one-half of the sale proceeds, pending the trial court's final distribution of marital assets. The parties never agreed that Husband could keep the funds notwithstanding a later court order.

Moreover, the court determined that Wife should receive all the net proceeds from the sale of the marital home. The court made this determination while aware that it had earlier approved the parties' agreement for temporary distribution of the sale proceeds. We therefore affirm the trial court's determination that Wife should receive all the proceeds from the sale of the marital home.

## ATTORNEY FEES ON APPEAL

Based upon the foregoing, we hold that Wife has substantially prevailed on appeal. Notwithstanding the fact that she was not awarded attorney fees at trial, Wife asks this court to award attorney fees on appeal on the basis of allegations in her brief that her financial circumstances have changed since the time of trial.

---

1. No evidence in the record suggests that Husband's corporation paid an excessive amount for rent (which funds in turn were used to pay the mortgage). Our affirmance of the court's distribution of the building's appreciation does not turn on the fact that Husband's corporation was the sole tenant of the building. Nor do we suggest that payment of a legitimate business expense related to the value or use of an inherited asset converts that asset or a portion of that asset into a marital asset.

Utah Code Ann. § 30–3–3 (Supp. 1993) grants courts discretion to award attorney fees in domestic cases. Trial courts have discretion to award fees, so long as the award is based on findings regarding the need of the receiving spouse, the ability of the payor spouse to pay and the reasonableness of the fees. *See Wells v. Wells,* 235 Utah Adv.Rep. 43, 45 (Utah App.1994).

When a trial court has awarded fees at trial based on such findings, and when the receiving spouse has prevailed on appeal, we will award attorney fees on appeal and remand solely for the trial court to make the foregoing findings. *See, e.g., Hall v. Hall,* 858 P.2d 1018, 1027 (Utah App.1993); *Allred v. Allred,* 835 P.2d 974, 979 (Utah App.1992); *Lyngle v. Lyngle,* 831 P.2d 1027, 1031 (Utah App.1992); *Bell v. Bell,* 810 P.2d 489, 494 (Utah App.1991); *Crouse v. Crouse,* 817 P.2d 836, 840 (Utah App.1991); *Haumont v. Haumont,* 793 P.2d 421, 427 (Utah App.1990).

Similarly, when we reverse a partial award of attorney fees and remand for findings on attorney fees at trial, we likewise remand to determine attorney fees on appeal when the party claiming fees on appeal substantially prevails. *See, e.g., Potter v. Potter,* 845 P.2d 272, 275 (Utah App.1993); *Willey v. Willey,* 866 P.2d 547, 556 (Utah App.1993); *Muir v. Muir,* 841 P.2d 736, 742 (Utah App. 1992).

When a party who prevails on appeal, yet was not awarded fees at trial, claims attorney fees on appeal solely on the basis of new allegations of a change in financial condition, and when those allegations are not a matter of record and have not been adjudicated by a finder of fact we cannot evaluate that claim. *Heltman v. Heltman,* 29 Utah 2d 444, 511 P.2d 720, 721 (1973); *see generally,* Utah Code Ann. § 78–2a–3 (Supp.1993) (regarding appellate court jurisdiction). A prevailing party's claim for attorney fees on appeal based on an allegation of need must be addressed by the trial court to determine the need of the claiming spouse, the ability of the other spouse to pay, the reasonableness of the fees and the amount, if any, to be paid. We therefore remand this claim for determination of whether Wife is entitled to attorney fees on appeal, and if so, the amount of fees to be awarded.

Affirmed and remanded.

GREENWOOD and JACKSON, JJ., concur.