2008 UT App 33

**In the matter of the ESTATE OF Louis J. UZELAC.**

**Barbara B. Uzelac, Plaintiff, Appellant and Cross-appellee,**

v.

**Joseph Uzelac Jr., as representative of the Estate, Defendant**

**Susan Brooke Mageras and Allyson D. Uzelac, Intervenors, Appellees, and Cross-appellants.**

**No. 20060858–CA.**

Court of Appeals of Utah.

Jan. 31, 2008.

Rehearing Denied Feb. 15, 2008.

Charles M. Bennett, Salt Lake City, for Appellant and Cross-appellee.

Margaret H. Olson, Salt Lake City, for Appellees and Cross-appellants.

Before GREENWOOD, P.J., DAVIS and McHUGH, JJ.

OPINION

DAVIS, Judge:

¶ 1 Appellant Barbara B. Uzelac (Wife) argues that the trial court, on remand from our prior review, *see Uzelac v. Uzelac (In re Estate of Uzelac) (Uzelac I )*, 2005 UT App 234, ¶ 25, 114 P.3d 1164, erred in denying her motion to compel the return of Louis Uzelac's (Husband) premarital property (the Homestead) to his estate. Wife argues that the Homestead must be sold in order to pay for the $230,660.90 judgment in her favor assessed against the estate. Intervenors Susan Brooke Mageras and Allyson D. Uzelac (the Children) cross-appeal, arguing that the trial court erred by including Husband's payable on death (POD) accounts in the judgment calculations. We disagree with both parties and affirm.

## BACKGROUND

¶2 Prior to Husband and Wife's marriage, they executed an Ante Nuptial Agreement (the Agreement). *See id.* ¶2. The Agreement provided that "all of the real, personal or mixed property owned by each party prior to their marriage shall be the sole and separate property of him or her or their respective estates." Under the Agreement, all marital property would "go to the survivor" if one spouse should predecease the other. The Agreement also provided Wife with "the right to reside in [the Homestead] for her lifetime, or such shorter time as she may elect."

¶3 Husband later prepared a will (the Will), dividing his estate as follows: "(1) all debts, expenses, and administration expenses are to be paid; (2) Husband's two daughters are to receive equal shares of Husband's property; (3) Wife is to receive property per the terms of the Agreement; and (4) Husband's two granddaughters are to receive $5000.00 each." *Id.* ¶3. Specifically, the Will stated, "I give, devise and bequeath ... to my children ... all of my property, real mixed or personal, share and share alike .... [and t]o [W]ife ..., she is to receive per the terms of [the Agreement]...."

¶4 Upon his death on November 6, 1999, "Husband had three [POD] accounts totaling $189,049.15 with his two daughters as beneficiaries, and one POD account totaling $12,790.00 with Wife as beneficiary." *Id.* ¶5. Additionally, at his death Husband's non-POD accounts held funds totaling $75,876.85, and he had stocks worth $36,950.91. *See id.*

¶5 The Personal Representative (the PR) distributed the estate as follows: Wife received a POD account "in [her] name," a life estate in the Homestead, and $4,858.83 from the couple's joint accounts, in addition to the $15,000.00 that was deposited in a joint account post-mortem. *See id.* ¶6. The Children received all other property, including the Homestead subject to Wife's life estate. *See id.* On July 28, 2003, Wife filed a Motion for an Order Directing Beneficiaries to Return Estate Property to the Estate, or in the

Alternative Voiding the Deed of Distribution, (Motion to Reconvey the Homestead), arguing that the distribution violated the Agreement, which was incorporated by reference into the Will, and that *as a creditor,* her claims must be paid before those of the Children.

¶6 The trial court found "no basis for [Wife]'s request," denying the motion on two grounds. First, to claim creditor status, Wife was required to file a "written demand" with the PR within "two years of the death of [Husband]," Utah Code Ann. § 75–6–107 (1993), which the trial court found that she had failed to do. As we explained in *Uzelac I*, "[m]erely providing the PR with a copy of the Agreement, which all parties have always agreed is binding, without explaining how the Agreement had been breached or the amount [Wife] was claiming as a creditor under the Agreement, does not begin to satisfy the requirements of notice pleading." *Uzelac I*, 2005 UT App 234, ¶14, 114 P.3d 1164. Second, Wife's argument that the PR breached his duty to administer in accordance with the rights of the claimants failed because the PR had given Wife a life estate in the Homestead, as required by the Agreement, while giving the Children the remaining rights to the Homestead as provided for in the Will.

¶7 In *Uzelac I* we affirmed the trial court, rejecting Wife's claim brought as a creditor because such a claim against the estate was time-barred under Utah Code section 75–3–803 due to insufficient notice pleading. *See id.* ¶¶11–14. However, using the analogue of a marital estate from our divorce jurisprudence, we vacated the trial court's rulings and remanded, instructing the trial court to determine the amount owed to Wife as beneficiary per the Agreement. *See id.* ¶¶20–21. We also ordered the trial court to "determin[e] ... what property of Husband's is available to satisfy her claim." *Id.* ¶21.

¶8 On remand, the parties stipulated that "the only property acquired by [Husband] that is subject to [Wife's] claim is the cash (including stocks) on hand at his death." The parties also stipulated that there was $277,716.00 in cash on deposit[1] and nine

---

1. Notwithstanding our marital estate analogue in *Uzelac v. Uzelac (In re Estate of Uzelac) (Uzelac*

*I )*, 2005 UT App 234, 114 P.3d 1164, neither party addresses the source of these funds (i.e.

stocks Husband held at his death. The court assessed the value of those stocks that had been acquired after marriage at $27,747.33, resulting in a subtotal of $305,463.33. The trial court then deducted $74,802.43 from this sum for a gift from Husband to Wife, a POD account in Wife's name at the time of the marriage (minus an insurance claim), and an account in Husband's name. Thus, the trial court found that there was $230,660.90 in "after acquired property" and concluded that Wife was entitled to that amount. However, the trial court further concluded that Wife was barred from recovering the $230,660.90 by Utah Code section 75–3–1006 because Wife did not commence a proceeding against the Children within the time specified by the statute of limitations. *See* Utah Code Ann. § 75–3–1006 (1992).

¶ 9 The trial court also determined, citing the Restatement of Property, *see* Restatement (Third) of Prop.: Wills and Other Donative Transfers § 5.1 cmt. c (1999), that the Children were general devisees due to the "all of my property" language in the Will, and not residuary devisees. The trial court further noted that the Will "does not have a residuary clause."

## ISSUES AND STANDARDS OF REVIEW

¶ 10 Wife contends that the court improperly denied her Motion to Reconvey the Homestead, arguing that this motion amounted to a proceeding against the Children. Whether the trial court erred in interpreting Utah statutes to deny a motion is a question of law, which is reviewed for correctness. *See In re VKS*, 2003 UT App 13, ¶ 7, 63 P.3d 1284.

¶ 11 Wife argues next that her 2003 Motion to Reconvey the Homestead should have been granted because the Children were residual devisees and she is a general pecuniary devisee. If the trial court had agreed with Wife that the Children are residuary devisees and that she is a general pecuniary

devisee, Wife's $230,660.90 claim against the estate must be satisfied *before* the estate can satisfy the Children's claims under the Will. *See generally* Restatement (Third) of Prop.: Wills and Other Donative Transfers § 5.1 (1999). Given the financial situation, this would mean the Children would have to reconvey the Homestead to the estate. The categorization of devisees is a mixed question of fact and law; we accord some deference to the trial court. *See Jensen v. IHC Hosps., Inc.*, 2003 UT 51, ¶ 57, 82 P.3d 1076; *State v. Pena*, 869 P.2d 932, 937–38 (Utah 1994).

¶ 12 The Children cross-appeal and argue that the trial court improperly included POD accounts in determining "the amount owed to Wife as a beneficiary under the Will as per the Agreement," *Uzelac I*, 2005 UT App 234, ¶ 21, 114 P.3d 1164. We review a trial court's interpretation of our unambiguous order for correctness. *See Bettinger v. Bettinger*, 793 P.2d 389, 391 (Utah Ct.App. 1990). "However, if the trial court determines the language of an order is ambiguous and finds facts based upon extrinsic evidence, our review of those findings is limited to determining whether they are clearly erroneous." *Southwick v. Leone (In re Estate of Leone)*, 860 P.2d 973, 975 (Utah Ct.App.1993) (citing *Bettinger*, 793 P.2d at 392).

## ANALYSIS

### I. The Homestead

¶ 13 Wife argues that she did initiate a proceeding against the Children and thereby is not time-barred from recovering against the estate via a reconveyance and sale of the Homestead. She cites Utah Code section 75–3–105(1), which states that "[p]ersons interested in decedents' estates may . . . petition the court for orders in formal proceedings within the court's jurisdiction, including, but not limited to those described in this chapter." Utah Code Ann. § 75–3–105(1) (1993). Specifically, Wife argues that the Motion to Reconvey the Homestead,

---

pre-marital or post-marital) in the trial court or on appeal. Thus, we do not address it. *See Monson v. Carver*, 928 P.2d 1017, 1022 (Utah 1996) (declining to address certain claims because of "our general rule that 'issues not raised at trial cannot be argued for the first time on appeal'" (quoting *State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994))); *State v. Jennings*, 875 P.2d 566, 569 n. 3 (Utah Ct.App.1994) (refusing to consider issues not argued in the appellant's brief).

which was filed against the estate (and served on the Children and the PR), was not subject to section 75–3–803's time bar because it served as notice under section 75–1–401, a pleading under section 75–3–105(1), and a proceeding under section 75–3–106 against the Children. We disagree.

¶ 14 The Utah Probate Code defines a "formal proceeding" as a "proceeding[ ] conducted before a judge with notice to interested persons." *Id.* § 75–1–201(18) (Supp.2007). "Each proceeding before the court or registrar is independent of any other proceeding involving the same estate," *id.* § 75–3–106(1)(a) (1993), even though "[p]etitions for formal orders of the court may combine various requests for relief in a single proceeding," *id.* § 75–3–106(1)(b).

¶ 15 The trial court ruled that "the action must be against [the Children], not the [e]state," that "[i]t is clear that no proceedings against either of the distributees of the real property requested by [Wife] to be recovered has been instituted," and that the Wife's argument that "her claim as a creditor of the estate was sufficient to put [the Children] on notice is not well taken." In order for the Children to be placed on sufficient notice, "the written statement of claim must at least describe 'the general nature of the obligation,' as measured by the 'notice pleading standard' under rule eight of the Utah Rules of Civil Procedure." *Uzelac I*, 2005 UT App 234, ¶ 13, 114 P.3d 1164 (quoting *Quinn v. Quinn*, 772 P.2d 979, 980 (Utah Ct.App. 1989)). Therefore, we agree with the trial court that no proceeding was brought against the Children.[2]

¶ 16 Even if the Motion to Reconvey the Homestead were a proceeding under the Utah Probate Code, a formal testacy order resulting from a proceeding is generally final "as to all persons with respect to all issues concerning the decedent's estate that the court considered," subject to appeal. Utah Code Ann. § 75–3–412(1) (1993). The denial of the Motion to Reconvey the Homestead on

September 29, 2003, if we followed Wife's logic, would be deemed a formal testacy order. Because final orders by a court probating a will are subject to the Utah Rules of Appellate Procedure, *see id.* § 75–1–308, Wife had thirty days to appeal the denial of her motion. *See* Utah R.App. P. 4(a). Yet Wife filed her notice of appeal on September 19, 2006, nearly three years after the denial.

¶ 17 Wife argues that her claim remains timely due to our remand in *Uzelac I*, which she contends vacated the initial determination that Wife's claim was time-barred. However, the 2003 motion was premised on Wife's status as creditor, and we previously held that "even assuming that Wife would otherwise qualify as a creditor, her claim is barred by the one-year limitation in section 75–3–803." *Uzelac I*, 2005 UT App 234, ¶ 14, 114 P.3d 1164. Merely mailing the Motion to Reconvey the Homestead to the PR without explaining that the motion was intended to constitute a proceeding against the Children, we explained, "does not begin to satisfy the requirements of notice pleading." *Id.* Moreover, "[t]he fact that the court retained jurisdiction ... to adjudicate further matters did not leave open for reconsideration the question as to" whether the Homestead should be sold to satisfy Wife's claims. *Hayward v. Voorhees (In re Estate of Voorhees)*, 12 Utah 2d 361, 366 P.2d 977, 980 (1961). "There was nothing further to be decided on that particular issue.... That being so, the decree entered thereon was final and therefore appealable. Since [Wife] took no appeal within the time allowed by law, that decree is conclusive." *Id.* (footnote omitted).

■ ¶ 18 Furthermore, even if we were to hold that Wife's motion was a proceeding and was timely, the estate would have no right to the Homestead by extension of our marital estate analogue. *See generally Uzelac I*, 2005 UT App 234, ¶ 20, 114 P.3d 1164. In a divorce context, even absent an agreement, "premarital property is considered separate

---

2. We note that if the property were reconveyed and sold at Wife's behest, her life estate in the Homestead would have no value because she loses her possessory interest in the Homestead the moment she moves out for a sale. *Cf. Jeffs v. Stubbs*, 970 P.2d 1234, 1242 n. 6 (Utah 1998)

("Because the ... claimants ... could occupy the land for their lives, so long as they did not sell, mortgage, or abandon the property, the claimants' interest is actually a life estate subject to a condition subsequent.").

property and will be retained by the party who brought it into the marriage." *Rappleye v. Rappleye*, 855 P.2d 260, 263 (Utah Ct.App. 1993) (citing *Dunn v. Dunn*, 802 P.2d 1314, 1320 (Utah Ct.App.1990)). Here, Wife and Husband contracted to keep their premarital property separate as part of the Agreement. *See Uzelac I*, 2005 UT App 234, ¶ 18, 114 P.3d 1164. Therefore, we affirm the trial court's denial of Wife's motion and hold that the estate has no right to the Homestead.

### II.   Classification of Devisees

■ ¶ 19 Wife next argues that the court erred in categorizing the Children as general devisees. Rather, Wife contends, the Will and the Agreement treat her as a general pecuniary devisee and the Children as residuary devisees. This would mean, Wife argues, that the Homestead would have to be reconveyed to the estate and sold in order to satisfy her claim against the estate, as well as to give her prejudgment interest.[3] We disagree.

■ ¶ 20 A pecuniary devise is a testamentary gift of a specified sum of money, either a particular dollar amount or "a formula from which a sum of money is derived." Restatement (Third) of Prop.: Wills and Other Donative Transfers § 5.1 cmt. c (1999). The pecuniary devises in this Will are the $5,000.00 each to two grandchildren. While the trial court on remand determined a dollar amount that Wife is entitled to under the Agreement, this alone does not, contrary to Wife's assertions, make the devise pecuniary. *See id.* ("Any devise that is payable out of the general assets of the estate is a general devise. For example, a devise of 'all of my property' or of 'all of my personal property' is a general devise, as is a devise of 'one-half of my estate.'").[4] *Because Wife is not a*

pecuniary devisee, her judgment against the estate does not entitle her to the reconveyance and sale of the Homestead to satisfy her claim. *Cf.* Utah Code Ann. § 75–3–902(2) (Supp.2007) (giving, for purposes of abatement, a pecuniary devisee "a general devise to the extent of the failure or insufficiency" of that particular property devised).

¶ 21 Our prior analysis of the Will and the Agreement determined that it was Husband's and Wife's intention "to [keep] property Husband and Wife brought into the marriage [separate], not property they obtained during the marriage." *Uzelac I*, 2005 UT App 234, ¶ 18, 114 P.3d 1164. As such, *both* the Children and Wife are general devisees, but to separate property—items acquired before and after Husband's and Wife's marriage in April 1976, respectively. To hold otherwise would run counter to Husband's intent, which is the foundation for any interpretation of testamentary documents. *See* Utah Code Ann. § 75–1–102(2)(b) (1993); *In re Estate of Kleinman*, 970 P.2d 1286, 1288–89 (Utah 1998). Thus, we affirm the trial court's ruling that the Children are general devisees as well.[5]

### III.   Calculating Wife's Claim Against the Estate

■ ¶ 22 On cross-appeal, the Children argue that the trial court improperly included POD accounts when calculating the amount of Wife's claim under the Agreement. Specifically, they argue that because POD accounts are outside the probate estate, they are not "held at death" and, therefore, Wife is not entitled to these monies.

¶ 23 A POD account is one "payable on request to one person during lifetime and on that person's death to one or more POD

---

**3.** The trial court on remand found that the "[d]ate of judgment is the appropriate starting place for interest since this is an action on the interpretation of [the Agreement] rather than a general pecuniary devise as alleged by [Wife]." Since we agree with the trial court that Wife is not a pecuniary devisee, we accordingly affirm the lower court's ruling that "[t]he requirements for imposition of pre-judgment interest have not been met."

**4.** While "the Official Comment to Uniform Probate Code § 2–604 treats [a devise of 'all of my property' or of 'one-half of my estate'] as a residuary devise," the code does so in the narrow context of "the special antilapse rule of that section." Restatement (Third) of Prop.: Wills and Other Donative Transfers § 5.1 Reporter's Note, cmt. c (1999).

**5.** While the trial court did not explicitly rule that Wife was a general devisee, it treated her as such. We affirm this implicit ruling.

payees." Utah Code Ann. § 75–6–101(10) (Supp.2007); *see also id.* § 75–6–110 (1993). POD accounts are held outside of probate and transfer upon death to the payee. *See Southwick v. Leone (In re Estate of Leone)*, 860 P.2d 973, 976 (Utah Ct.App.1993) ("Utah law explicitly provides that [POD] accounts are non-testamentary contracts."). This notwithstanding, using the marital estate analogue, we instructed the trial court to "determin[e] ... what property of Husband's is available to satisfy [Wife's] claim under the Agreement." *Uzelac I*, 2005 App 234, ¶ 21, 114 P.3d 1164. Under the Agreement, Wife is entitled to all of Husband's assets acquired during their marriage.

¶ 24 The parties stipulated to the amount of $277,716.00 in Husband's accounts at the time of his death, and none of the parties introduced any evidence suggesting that these amounts were not acquired during the marriage. Thus, it appears that the parties essentially agreed that all $277,716.00 was acquired after Wife's marriage to Husband or otherwise intended to be part of Wife's claim against the estate. Under these circumstances, we cannot say the finding of the trial court that the sum to Wife was "after acquired property" was clearly erroneous. *See Utah Labor Relations Bd. v. Broadway Shoe Repairing Co.*, 120 Utah 585, 236 P.2d 1072, 1076 (1951) (upholding an agency factual finding where the "finding [was] reasonably deducible from the evidence and the parties had a fair opportunity to refute it"). We therefore affirm the trial court's calculation of Wife's claim.

## CONCLUSION

¶ 25 We affirm the trial court's denial of Wife's Motion to Reconvey the Homestead to satisfy the Wife's claims. We also affirm the trial court's classification of the Children and Wife as general devisees. Further, we affirm the trial court's finding on the amount of Wife's claim. Thus, "the case [has] effectively end[ed] because no money [is] available to pay [Wife's] claims against the estate ...— the only remaining business in this case, according to the record." *Kelly v. West One Trust Co. (In re Estate of Morrison)*, 933 P.2d 1015, 1017 (Utah Ct.App.1997).

¶ 26 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and CAROLYN B. McHUGH, Judge.