ORME, Judge
(concurring):
€44 I was initially perplexed at all the attention given to the premarital agreement (the Agreement) in this case, thinking it was essentially a red herring. The Agreement is not one that, by its terms, purports to do anything terribly drastic, at least as concerns property distribution. On the contrary, it provides for nothing more radical than what the law already prescribes: The parties will each retain their own separate property. Even without a premarital agreement, the property Husband owned at the time of marriage is his separate property, consistent with the usual rule that the property each spouse brought to the marriage remains their separate property. See Rappleye v. Rappleye, 855 P.2d 260, 263 (Utah Ct.App.1993) ("As a general rule, premarital property is considered separate property and will be retained by the party who brought it into the marriage.").
I 45 But if the Agreement is enforceable, it may well be that it precludes the application of the narrow exception to the general rule, i.e., that in adjusting the rights of the parties the trial court is empowered to distribute the separate property of divorcing spouses in some way other than solely to the owner, if equity so requires, Haumont v. Haumont, 793 P.2d 421, 424 n. 1 (Utah Ct.App.1990) ("[Thhe trial court may, in the exercise of its broad discretion, divide the property equitably, regardless of its source or time of acquisition."). See Burt v. Burt, 799 P.2d 1166, 1169 (Utah Ct.App.1990) (explaining that separate property is not "totally beyond the court's reach in an equitable property division"). Absent the Agreement, equity would permit the court to direct some of Husband's separate property to Wife if, for example, it determined Wife played a significant role in the enhancement of its value or to make her whole from Husband's claimed dissipation of the marital estate in favor of "growing" his business. CL Schaumberg v. Schaumberg, 875 P.2d 598, 608 (Utah Ct.App.1994) (concluding that use of marital assets to increase the value of nonmarital property changed the character of the appreciated portion from a separate asset to a marital asset, of which each spouse was entitled to half). Whether the Agreement, if enforceable, cireumseribes *104 the trial court's ability to make that kind of adjustment is a question we need not answer, pending the trial court's determination on remand as to the validity of the Agreement.